## JENKINS ET AL. *v.* JENKINS.

LANDLORD AND TENANT.—*Forfeiture of Lease for Non-Payment of Rent.— Demand.*—By the terms of a written lease of a tract of real estate, the tenant was to pay to the landlord annually, on a specified day, a stipulated sum of money as rent; and if the annual rent was not promptly paid, as it became due, on or before the day specified, the lease was to be null and void.

*Held,* there being no place of payment stipulated, that, to work a forfeiture of the lease for non-payment of rent, payment of the rent due should have been demanded by the landlord of the tenant, on the premises, just before sunset on the day specified.

*Held,* also, that a demand, made at any other time on such day, worked no forfeiture of the lease.

SAME.—*Notice to Quit for Non-payment of Rent.—Service.—Statute Construed.*—The ten days' written notice to quit for non-payment of rent, under section 4 of the act of May 20th, 1852, 2 R. S. 1876, p. 336, "regarding landlords, tenants," etc., must, under section 6 of such act, be served by delivering the notice itself to the tenant, or, if he can not be found, to some person of proper age and discretion, residing on the premises, after having first made known to him the contents of the notice.

SAME.—Service of such notice by reading the same to the tenant is insufficient.

From the Ripley Circuit Court.

*E. P. Ferris* and *W. W. Spencer,* for appellants.

*W. D. Willson* and *C. H. Willson,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellants, as defendants, to recover the possession of certain real estate, and damages for the unlawful detention thereof.

The appellants demurred to the appellee's complaint for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled, and to this decision the appellants excepted.

The appellants then answered in six paragraphs, the first being a general denial, and each of the other paragraphs setting up an affirmative defence.

The appellee demurred to each of the third, fourth, fifth and sixth paragraphs of said answer, upon the ground that it did not state facts sufficient to constitute a defence to the action, which demurrer was overruled as to the third, fifth and sixth paragraphs, and sustained as to the fourth paragraph, of the answer, to which latter decision the appellants excepted.

The appellee then replied, by a general denial, to the second, third, fifth and sixth paragraphs of the answer.

The issues joined were tried by a jury, and a special verdict was returned in the words and figures following, to wit:

"We, the jury, find the facts in this case to be as follows:

"1st. We find, that, on the 10th day of December, 1868, the defendant Alexander Jenkins leased of the plaintiff the following real estate, in Ripley county, Indiana, to wit: The south half of the south-west quarter and the north-east fourth of the south-west quarter, and the north-west fourth of the south-west quarter, all in section 34, township 8 north, of range 10 east, containing 100 acres; also the north-east of the south-east, and the south-east of the south-east, quarter, in section 33, township 8 north, of range 10 east, containing 80 acres; also all that part of the north-east of the north-east quarter of section 4, township 7, north of range 10, that lies between the last named 40 acres and Otter creek, except a certain tract sold by Robert Ruby to James Fulton, being in all 253 acres; and that said Alexander Jenkins is now in possession of the above described premises.

"2d. We find the conditions of the lease, as follows: Alexander Jenkins was to pay plaintiff ($200.00) two hundred dollars each year for the use of said real estate, the first payment to be made March 1st, 1870; the lease was to extend during the natural life of the plaintiff, Jane Jenkins.

"3d. We further find, that it was stipulated in said lease, that, if the rent was not promptly paid, on or before the 1st day of March each year, as it became due, and on failure of Alexander Jenkins, or his heirs, to perform the condition of the lease, the same was to be null and void. And the said Alexander Jenkins was to pay the taxes now due, and to become due, on said premises. The further condition of the lease is, that the fee-simple interest of said

real estate was at the time in Alexander Jenkins, and he was in possession, and if he should be disturbed in said possession, on account of any debt or default against himself, no deduction on account of rent shall be made on account of the same.

"4th.  We find there was no condition in the lease of a forfeiture of the lease, in case the taxes were not paid.

"5th.  We find that the rent has been paid to March 1st, 1874, and at the time this suit was brought or commenced, to wit, December 27th, 1876, there was another action pending in the Ripley Circuit Court, of Ripley county, Indiana, No. 1608, between Jane Jenkins, plaintiff in this action, and Alexander Jenkins, one of the defendants, commenced August 22d, 1876, and that the same was pending when this suit was instituted, and was for the identical same cause of action, so far as rent and taxes are concerned, as in this cause.

"6th.  We further find, that, on the 1st day of March, 1876, the plaintiff made a demand of Alexander Jenkins, on the premises, for the sum of $400.00 rent then due, or immediate possession of the premises; and that said demand was made at one o'clock P. M. of said day, and at no other time; and that said Alexander Jenkins refused to pay, stating that he did not owe any thing.

"6½.  We further find, that, at the time of making the demand on the 1st day of March, 1876, there was due on the rent the sum of $400.00.

"7th.  We find that a notice was served by plaintiff on the 10th day of August, 1876, upon defendant Alexander Jenkins, on the premises, stating the premises as described in the lease, and notifying the said Alexander Jenkins to pay the rent, or give possession in ten days, and that no amount of rent was specified in said notice, and that the notice was read to the said Alexander Jenkins on the premises, about three o'clock P. M., and was not delivered

to the defendants, or either of them, but was returned to the plaintiff's agent; and that no other notice has been given.

"8th. We find, that Wiley Barrickman disclaims any interest in said premises, and as to Nancy Jenkins we find, that she has no interest in said premises.

"9th. We find, that the rent due on said premises, from March 1st, 1876, to this date, amounts to the sum of $292.59.

"10th. We find, that the plaintiff never requested the said Alexander Jenkins to pay the taxes, at any time before the commencement of this suit.

"If, therefore, upon the aforesaid facts, the law is with the plaintiff, we find for the plaintiff, and assess his damages at $292.59.

"If the law is with the defendant we find for the defendant."

The appellants each separately moved the court in writing, for judgment in their favor, on the special verdict of the jury, for the reason that the law was with them, which motion was overruled, and to this ruling they excepted.

The court sustained the appellee's motion for a judgment on the verdict, in her favor, and to this decision the appellants excepted.

Judgment was then rendered for the appellee, on the verdict, for the recovery of the possession of the real estate described therein, and of the damages assessed and costs, to the rendition of which judgment the appellants excepted, and appealed therefrom to this court.

Among the alleged errors of the court below, assigned by the appellants in this court, was the following:

"*Third.* Because the court erred in overruling the appellants' motion for a judgment on the special verdict of the jury."

It appears from the averments of the appellee's complaint, that the appellant Alexander Jenkins was the tenant of the appellee, for and during her natural life, of certain described real estate, in Ripley county, Indiana, at an annual rental of two hundred dollars, payable on the 1st day of March in each year, during the continuance of the tenancy. It was stipulated in the written lease, a copy of which was made part of the complaint, that, if the rent was not paid promptly, when due, the possession of the demised premises was to be surrendered up to the appellee; and again, that the lease was to extend during the appellee's natural life, if the rent was promptly paid, on or before the 1st day of March, in each year, as it became due. The appellee's suit against the appellants was for unlawfully holding over the possession of the demised premises, after the written lease had been determined.

In the appellee's complaint, facts were alleged for the purpose of showing that the written lease had been determined in two modes: 1. By the forfeiture of the lease, by a formal demand of the rent due from the tenant, on the premises, upon the 1st day of March, 1876, the day the annual rent for the preceding year became due and payable, and the failure of the tenant to pay such rent when thus demanded; and, 2. By a written notice to the tenant, on the 10th day of August, 1876, to quit the possession of said premises or pay the rent then due upon the same, within ten days from that date, and the refusal of the tenant to either quit the possession or pay the rent within said term of ten days.

In either one of these modes, if the law applicable thereto had been strictly complied with, it is very clear, we think, that the lease in question would have been determined thereby, and the appellee would have acquired a right to the possession of the premises, as against her tenant, as if such lease had never been executed,

It is earnestly insisted, however, by the appellants' coun-

sel, that in this case the jury found, in and by their special verdict, that the lease from the appellee to the appellant Alexander Jenkins had never been determined, according to law, in either of the two modes alleged in the complaint; that, for this reason, the law of the case was with the appellants; and that it followed of necessity, that the court below erred in overruling the appellants' motion for a judgment in their favor, on the special verdict.

The questions presented for our consideration and decision, by the special verdict and the appellants' motion for a judgment thereon, in relation to the alleged determination of the lease, may be thus stated:

1. Were the facts found by the jury, in reference to the day and hour, the place and the amount, of the demand made by the appellee, of the appellants, for the rent of the premises, sufficient to show a forfeiture of the lease?

2 Was there a legal and sufficient service found by the jury, in their special verdict, of the appellee's notice to the appellant Alexander Jenkins, " to pay the rent or give possession in ten days?"

We will consider and decide these two questions in their enumerated order:

1. In the sixth item of their special verdict, the jury found, that, on the 1st day of March, 1876, the appellee made a demand of the appellant Alexander Jenkins, on the premises, for the sum of four hundred dollars rent then due, or immediate possession of the premises, and that said demand was made at one o'clock P. M. of said day, and at no other time.

It is clear, we think, that the appellee's demand of the rent, as found by the jury, was not sufficient to work a forfeiture of the appellant's lease. The demand, though made at the proper place and on the right day, was not made at the proper time of the day. It should have been

made just before sunset of the day on which it became due,. on the premises, in order that the tenant's refusal to pay the rent should work a forfeiture of the lease. *Philips* v.. *Doe*, 3 Ind. 132 ; *Meni* v. *Rathbone*, 21 Ind. 454 ; and *Bacon* v. *The Western Furniture Company*, 53 Ind. 229. In the case last cited, the landlord demanded of the tenant the rent due, on the day it became due, at three o'clock in the afternoon, at the tenant's business room, but not on the demised premises, and payment was then refused, and it was held that the lease was not forfeited.

In delivering the opinion of the court, it was said by BIDDLE, J. : " Forfeitures are not favored in law. They must be strictly construed. In this case, to entitle the appellant to re-enter and possess the premises, he should have demanded the specific amount of rent due, just before sunset of the day upon which it became due, and upon the premises leased, there being no place of payment mentioned in the lease." Taylor Landlord & Tenant, secs. 297 and 493.

In the case at bar, the jury did not find that the appellant had forfeited his lease from the appellee.

2. In the seventh item of their special verdict, the jury found that the notice to the appellant Alexander Jenkins,. to pay the rent or give possession in ten days, was read to him, on the premises, and was not delivered to the appellants, or either of them. It is very certain, we think, that the service of the appellee's notice to the appellant Alexander Jenkins, as found by the jury, was not a legal, valid and sufficient service of such notice. In section 4 of " An act containing several provisions regarding landlords, tenants, lessors and lessees," approved May 20th, 1852, it is provided, that, " If a tenant neglect or refuse to pay rent. when due, ten days' notice to quit shall determine the lease,. when not therein otherwise provided, unless such rent be paid at the expiration of said ten days." 2 R. S. 1876, p. 340.

It was under this section of the statute that the notice, mentioned in the special verdict, was intended to be given. In section 1 of said act, one month's notice, in writing, is required to be delivered to a tenant at will, and, in section 3, three months' notice must be given to a tenant from year to year, in order to determine the respective tenancies.

Section 6 of the same act provides as follows:

" Sec. 6. Notice, as required in the preceding sections, may be served on the tenant, or, if he can not be found, by delivering the same to some person of proper age and discretion, residing on the premises, having first made known to such person the contents thereof." 2 R. S. 1876, p. 341.

By a fair and reasonable construction of these statutory provisions, we reach the conclusion, that the service of the appellee's notice to the appellant Alexander Jenkins, to pay the rent or give possession in ten days, as found by the jury in their special verdict, was an illegal, invalid and insufficient service of such notice, and that the only proper and legal mode of serving such a notice is by delivering the notice to the tenant, or, if he can not be found, by delivering the same to some person of proper age and discretion, as provided in said section 6 of the statute. We are strengthened in this conclusion by the provisions of section 5 of " An act concerning the unlawful detention of lands and the recovery thereof," approved May 13th, 1852, under which act this suit was brought. This section 5 provides, that " Where notice to quit is required by law, a copy of the same with proof of service, shall be necessary to recover by the plaintiff." From the provision in this section, it seems to us that the implication is very strong that the law asumes that the notice to quit is in the tenant's possession, and for this reason it makes " a copy of the same " evidence necessary to a recovery by the landlord.

The question we are now considering, so far as we are

advised, has never before been presented to nor decided by this court. The appellee's action is against a tenant holding over. Of such actions, justices of the peace have had jurisdiction, in this State, for many years. In Wick & Barbour's Treatise, p. 200, and in Iglehart's Treatise, p. 473, of the law before justices of the peace, in this State, it is said that the notice to quit " should be served by delivering it to the tenant, or, if he can not be found, by delivering it to some person of proper age and discretion, residing on the premises."

In the case of *Seem* v. *McLees*, 24 Ill. 193, in construing a statute of Illinois, which provided that a tenant holding over, " after demand made in writing for possession thereof," should be adjudged guilty of forcible detainer, etc., it was held by the Supreme Court of that State, that " A demand made by reading a paper to the tenant, is not a demand made in writing. It is but an oral demand. The statute intended that the tenant should have a written demand, to which he could refer, and which he could examine, that he need not depend upon his memory to know what the demand was."

So, we think, with regard to the provisions of our statute for the service of notices to quit, by landlords upon their tenants.

In conclusion, we hold that the facts found by the jury, in their special verdict, show very clearly and conclusively, that the appellant Alexander Jenkins' lease from the appellee was neither forfeited nor determined according to law, and therefore that the court below erred in overruling the appellants' motion for a judgment in their favor on the special verdict. This conclusion renders it unnecessary for us to consider any of the other errors assigned in this case by the appellants.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the ap-

pellants' motion for judgment, in their favor, on the special verdict of the jury.

Opinion filed at May term, 1878.

Petition for a rehearing overruled at November term, 1878.