W. A. POLLOCK v. D. W. WHIPPLE.

[FILED JANUARY 12, 1892.]

Forcible Detention. THE FAILURE AND REFUSAL OF A TENANT TO PAY RENT according to the terms of his lease when due, in the absence of a stipulation to the contrary, terminates the lease and the tenant is liable to an action for forcible detention of the premises. (*Hendrickson v. Beeson*, 21 Neb., 61.)

ERROR to the district court for Cedar county. Tried below before NORRIS, J.

*Barnes & Tyler*, and *H. A. Miller & Son*, for plaintiff in error:

The lease contains no forfeiture clause; hence mere failure to pay rent did not work a forfeiture nor entitle the landlord to recover possession. (2 Taylor, Landlord & Tenant, 70; *Brown v. Bragg*, 22 Ind., 122; *Gaskell v. Trainer*, 3 Cal., 334.)   His only remedy was an action for the rent and to protect his reversionary interests. (1 Taylor, L. & T., 189; 12 Am. & Eng. Ency. Law, 684.)   Especially since there was no demand nor sufficient notice, he cannot claim a forfeiture. (*Woodward v. Cone*, 73 Ill., 241; *Brown v. Bragg*, 22 Ind., 122; *Estabrook v. Hughes*, 8 Neb., 501; *Catlin v. Wright*, 13 Id., 558; *Chapman v. Wright*, 20 Ill., 125; *Johnson v. Douglas*, 73 Mo., 168.) *Hendrickson v. Beeson*, 21 Neb., 63, is not in point because there repeated demands were made and the tenancy was from month to month.

*Lothrop & Dott*, and *John Bridenbaugh*, *contra*, cited: *Uhl v. Pence*, 11 Neb., 316; *Hendrickson v. Beeson*, 21 Id., 63; *Scarlett v. Lamarque*, 5 Cal., 63.

NORVAL, J.

This is an action of forcible entry and detainer brought by the defendant in error before a justice of the peace of Cedar county.   A trial was had, which resulted in a judgment of restitution for the plaintiff.   The defendant appealed to the district court, where the cause was tried to a jury, with verdict and judgment for the plaintiff.

On the 9th day of December, 1885, David W. Whipple, a resident of Michigan, by written contract leased the farm in controversy to Sylvester K. Smith and wife, the son-in-law and daughter respectively of Whipple, for a period of four years, ending March 1, 1890.   The contract stipulated that the tenants should pay as rent for the premises

all the taxes assessed against the land for the years 1886, 1887, 1888, and 1889, also to board and lodge said Whipple, free of charge, at such time as he might be in Nebraska and should desire the same.

The tenants went into possession of the land under the lease, and so remained in possession until the 18th day of March, 1889, when, without the knowledge of the landlord, they assigned the lease to William A. Pollock, who took possession of the premises. Whipple came to Nebraska in April, 1889, when he first learned that the Smiths had abandoned the premises and left the county. None of the taxes had been paid, and the land had been sold for taxes of 1886 and 1887. Whipple thereupon demanded of Pollock that he carry out the lease by paying the taxes, which being refused, Whipple redeemed from the sale and paid the taxes for 1888, after which he made demand for possession, which being refused, this action was instituted.

The main question presented by the record arises upon the giving to the jury the plaintiff's fourth instruction, to the effect that a tenant holds over when he neglects or refuses to pay his rent, and upon the refusal of the court to give the defendant's third request, which reads as follows:

"The court instructs the jury that a default in the payment of rent does not work a forfeiture of the term, unless the lease provides for a re-entry in case of default in payment of rent."

It is insisted that, as the lease contained no forfeiture clause, a failure to pay rent did not have the effect to work a forfeiture of the term.

Section 1021 of the Code provides that "a tenant shall be deemed to be holding over his term whenever he has failed, neglected, or refused to pay the rent or any part thereof when the same was due," etc.

The provision of this section was construed by the court in *Hendrickson v. Beeson*, 21 Neb., 61. It was there held,

after a careful consideration of the question, that "in the absence of a stipulation to the contrary, when a tenant fails and refuses to pay rent according to the terms of his lease, when due, such refusal terminates the lease, and by section 1021 of the Civil Code he is holding over his term and liable to an action for the forcible detention of the property." It was further decided that in such case the only notice required is the statutory three days' notice to quit.

We do not think any other construction could be given to the section of the statute quoted. It is quite immaterial that the contract contained no stipulation of forfeiture or right of the landlord to re-enter in case of a non-payment of the rent reserved. Contracts of lease must be construed with reference to this provision of the statute.

It is claimed that the lease specified no time for the payment of the taxes, and their payment could be made at any time before the expiration of the lease. We do not so construe the provisions of the lease. The contract was for a period of four years, by which the tenants agreed to pay as rent the taxes assessed on the property for each year during the continuance of the lease. It was the duty of the tenants to pay the taxes each year before they became delinquent. The property was permitted to be sold for the taxes assessed for two years, and the landlord was compelled to redeem from the tax sale. The lease was therefore forfeited when it was assigned to Pollock.

There is evidence tending to show that Whipple was not aware that the taxes had not been paid until after the Smiths had abandoned the premises, and that shortly afterwards he informed Pollock, if he would pay the taxes, he would allow him to retain the premises for the remainder of the term. Pollock declined to pay them. He had no right to refuse to pay the rent reserved by the lease and still retain possession of the premises. The judgment is

AFFIRMED.

THE other judges concur.