WILLIAM HAYNES V. UNION INVESTMENT COMPANY
ET AL.

[FILED DECEMBER 16, 1892.]

1. **Landlord and Tenant:** LEASE: COVENANT OF LESSOR TO
   PAY FOR IMPROVEMENTS: FORFEITURE: EQUITABLE RELIEF.
   A lease contained this provision: "Upon the expiration of this
   lease, and before the surrender of said premises by said parties
   of the second part, said party of the first part shall purchase
   and pay for all the furniture, pictures, and fixtures put into said
   premises by parties of the second part.  If said parties cannot
   agree upon price of said furniture, then party of the first part
   shall select one man and the parties of the second part shall se-
   lect one man, and the men chosen shall select a third, and said
   three men shall act as arbitrators and determine the price of said
   furniture, pictures, and fixtures, and said first party shall pay
   the price so determined and fixed.  The family pictures and
   furniture belonging to the families of said parties of the second
   part are excepted according to inventory to be attached to this
   lease, and all the furniture and fixtures put into said premises
   by the said parties of the second part, except family pictures
   and furniture, shall be and are hereby pledged for the payment
   of rent, and said party of first part shall have a lien thereon for
   rent."  *Held,* That the tenant could not be ejected without
   payment of the furniture, etc.  That a court of equity will

protect the tenant in possession of the property until he is paid for the value of such furniture and fixtures.

2.———: FORFEITURE: NON-PAYMENT OF RENT: DEMAND. In order to work a forfeiture of a lease for non-payment of rent there must be a demand on the tenant for the rent, although such demand may be in the form of a notice to quit.

3. ———: CONTROVERSIES BETWEEN LESSOR AND LESSEE: EQUITABLE JURISDICTION TO PREVENT MULTIPLICITY OF SUITS. Where many questions are in dispute between a lessor and lessee beside the mere right of possession of the property, a court of equity will entertain jurisdiction and thus settle all matters between the parties relating to the subject in one action, and prevent a multiplicity of suits.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*Abbott & Caldwell*, for plaintiff in error:

Demand for performance must be made before a forfeiture can be adjudged. (*Merrifield v. Cobleigh*, 4 Cush. [Mass.], 182; *Bowman v. Foote*, 1 Am. Law Reg., n. s. [Conn.], 360; *McQuesten v. Morgan*, 34 N. H., 400.) Payment of furniture, fixtures, and pictures by the landlord is, by terms of the lease, a condition precedent to recovery of possession of the premises. (*Hopkins v. Gilman*, 22 Wis., 476, and 47 Id., 581; *Ecke v. Fetzer*, 65 Id., 55.) The cases last named were also cited to the point that the cause is a proper one for the intervention of a court of equity to protect the tenant in his possession till payment is made for improvements, and all matters in controversy between lessor and lessee are determined.

*W. A. Prince*, and *Thompson Bros.*, contra.

MAXWELL, CH. J.

This is an action somewhat in the nature of a bill of peace. It is alleged, in substance, in the petition that William Haynes is the assignee of a lease made between

C. W. Scarff and Eno & Moulton; that the Union Investment Company is the owner of the premises under a deed from C. W. Scarff, made after the execution and delivery of the lease; that John D. Moore is trustee for the purpose of collecting rents of the property in question, which is hotel property, known as the Palmer House, in the city of Grand Island; that the lease, by its terms, provided that possession of the premises would be given to the lessees June 1, A. D. 1887; the rent should be payable in monthly installments on the 15th of each month; a copy of the lease is attached to plaintiff's petition and made a part thereof. The building, at the time of the execution of the lease, was in course of erection, and was not completed and possession given under it until June 20, 1888. Haynes purchased Eno & Moulton's leasehold interest and certain personal property in the hotel on the 20th day of June, 1890, and took immediate possession, paying $28,-000 therefor.

The lease provides that the lessor or assigns should keep the premises in repair; and that on the expiration of the lease and before surrender of possession the lessor should purchase and pay for all furniture, fixtures, and pictures put in the premises by the lessee; and in the event of a dispute as to the value thereof the lease provided for the selection of arbitrators to determine such value. The exact words of this provision are as follows:

"Upon the expiration of this lease, and before the surrender of the possession of said premises by said parties of the second part, said party of the first part shall purchase and pay for all the furniture, pictures, and fixtures put into said premises by parties of the second part. If said parties cannot agree upon price of said furniture, then party of the first part shall select one man and the parties of the second part shall select one man, and the men chosen shall select a third, and said three men shall act as arbitrators, and determine the price of said furniture, pictures, and

fixtures, and said first party shall pay the price so determined and fixed. The family pictures and furniture belonging to the families of said parties of second part are excepted according to inventory to be attached to this lease, and all the furniture and fixtures put into said premises by the said parties of the second part, except family pictures and furniture, shall be and are hereby pledged for the payment of rent, and said party of the first part shall have a lien thereon for rent."

The value of this property is alleged in the petition at $28,000. The petition alleges failure to repair, after repeated demands for making such repairs; that plaintiff had made repairs to the value of $14.88; that other repairs were then needed; and that plaintiff was damaged by failure of lessors to make the same to the amount of $500; that on or about July 20, 1890, he offered to pay rent for the month ending July 20, less the amount so paid for repairs, and was informed by Moore, trustee, that a Mr. Marsh, whose business it was to look after repairs, was absent from the city, and requested the plaintiff to wait until his return. On the 20th day of August he called again on Moore, tendered and offered to pay $400 more, being rent due for the month ending August 20, 1890, when he was informed by the trustee that he had been instructed to receive no more rent from the plaintiff.

The petition further alleges that Marsh not having returned to the city, and that plaintiff being in doubt as to his legal rights in the premises, then tendered to said Moore $800, being rent in full for the months ending July 20 and August 20, 1890, which was also refused. Notice to quit was served upon the plaintiff on the same day, signed by the defendants by their attorney.

The petition also alleges that no demand was made on the plaintiff for any rent at any time; that no offer was ever made to pay for the property in the hotel according to the terms of the lease, nor any offer to arbitrate as to the

52

price or value thereof, nor did they offer to make the necessary repairs upon the building, or to pay for those already made by the plaintiff; that suit was commenced in the county court of Hall county, on August 30, by defendants to recover possession of the premises, and was then pending. This suit was instituted in the district court of Hall county September 6, 1890, and $800 deposited with the clerk of the court, and contains also an offer to pay $400 to the clerk on the 20th day of each month thereafter for the use and benefit of the defendants during the pendency of the suit.

The petition also alleges a conspiracy on the part of the Union Investment Company and Moore to injure the plaintiff in his financial reputation and standing; that the suit was instituted for the sole purpose of harassing and annoying the plaintiff; and alleging that the plaintiff had no adequate remedy at law in the premises; that if the suit in the county court was allowed to proceed it would result in the prosecution of numerous suits to ascertain the value of the property in the hotel, to ascertain the amount of plaintiff's damage in the premises from defendants' failure to repair, and value of repairs already made, and praying a temporary order of injunction; and that in the event the plaintiff's right to the possession had been forfeited, that the value of the furniture, fixtures, and pictures might be ascertained by the court, and the defendants compelled to pay for the same before possession should be surrendered by the plaintiff; that his damages by reason of the failure to make the repairs might be ascertained and defendants compelled to pay the same; that he might also recover cost and value of all repairs made by him, and that on the final hearing the suit in the county court might be forever enjoined; and praying for general relief.

A general demurrer was sustained to the petition in the court below, and the plaintiff not desiring to amend, the action was dismissed.

In our view the petition states a cause of action. The general rule is that where a lessor is by contract liable to pay his tenant for improvements made on the leased premises during the tenancy, the tenant will be allowed to retain possession of the leased property until such payment be made, unless there be a special contract compelling the tenant to deliver possession without such payment. The tenant is treated as having an equitable lien upon the premises for his improvements and to retain possession in order to enforce his lien. (*Ecke v. Fetzer*, 65 Wis., 55; *Hopkins v. Gilman*, 22 Id., 476, and 47 Id., 581.)

In *Hopkins v. Gilman, supra,* Gilman, although known to be a man of great wealth, was not permitted to recover possession of the premises until he had paid for the improvements which, on the termination of the lease, he had agreed to pay for. The same rule applies where the lessor agrees to purchase and pay for the furniture, fixtures, etc., of the lessee. This is a part of the contract which, in order to justify ejectment, must be fulfilled on the part of the lessor. In the last case cited from Wisconsin it was held that a court of equity will protect the lessee in possession of the property until he is paid for the value of the improvements. So in the case at bar, equity will protect the lessee in possession until the property which the defendant agreed to purchase is paid for.

It is alleged in the petition that no demand for rent has been made, and this is admitted, for the purpose of the action, by the demurrer. Such demand is necessary in order to predicate forfeiture on the failure to pay. Under the decisions of this court a demand may be made by a notice to quit. (*Hendrickson v. Beeson*, 21 Neb., 61.) If this is a sufficient demand it is probable that a tender of payment at that time would defeat a recovery.

It is claimed that a court of equity has no jurisdiction. In our view this position is untenable. Many other questions are in dispute beside the mere naked right to pos-

session of the property, and these can only be adequately adjusted in a court of equity, and thus in one action settle all matters in controversy and prevent a multiplicity of suits. It is apparent that the court erred in sustaining the demurrer. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.