## DAKOTA HOT SPRINGS CO. v. YOUNG.

1. Under Comp. Laws, Sec. 6073, providing that the action of forcible entry and detainer may be maintained "when a lessee * * * fails to pay his rent for three days after the same shall be due," a clause of reentry need not be contained in the lease to authorize the action.

2. Paymont or tender of the rent by the lessee within three days after the notice to quit, given under Comp. Laws, Sec. 6073, for non-payment, is served, prevents a forfeiture.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Action in forcible entry and detainer. Plaintiff had judgment and defendant appeals. Reversed.

The facts are stated in the opinion.

*Albert R. Anderson,* for appellant.

"Where a lease does· not provide for re-entry in case of non-payment of rent, nor for a forfeiture or termination of the lease, in that event the mere non-payment of rent does not work a forfeiture." Beal v. Bass, 29 Atl. 1088; Am. Dig. 1895, 2784; Park v. Hays, 22 S. W. 3; Am. Dig. 1893, 2986; Haynes v. Union Inv. Co., 53 N. W. 979.

*Martin & Mason* and *Chambers Kellar,* for respondent.

If rent is three days in arrears, no notice or demand is necessary, except the three days' notice to quit, which was given. §§ 6073-6074, Comp. Laws; Hendrickson v. Reeson, 31 N. W. 266; Barden v. Sackette, 113 Mass. 214; Kimball v. Rowland, 6 Gray 224.

CORSON, P. J.   This was an action of forcible entry and detainer, brought to recover the possession of an hotel held by the defendant under a lease in words and figures as follows: "This agreement, made and entered into this 30th day of July, 1894, by and between the Dakota Hot Springs Company and Clark Young witnesseth:   That the Dakota Hot Springs Company leases to Mr. Young the hotel known as the 'Hot Springs House' until January 1st, 1896, at the monthly rental of fifteen (15) per cent. of the gross receipts of the hotel.   The Dakota Hot Springs Company agrees to put the Hot Springs House in good condition as soon as possible.   Water free; electric lights to be paid for.   The Hot Springs Company reserve the right to sell at any time by giving Mr. Young sixty (60) days' notice at which time he agrees to yield up possession of said Hot Springs House.   The second party agrees to return the furniture in as good condition as when leased, subject to wear and tear.   In witness whereof we have hereunto set our hands the day and year first above written."   On February 15, 1895, the plaintiff served upon the defendant a notice as follows;   "You are hereby notified, on account of non payment of rent, to quit and vacate within three (3) days the premises now occupied by

you,"—describing the same. No demand for the rent was shown to have been made prior to this notice to quit. It was admitted that the receipts of the hotel for January, 1895, were $131.05, of which 15 per cent. would be $19.65. The defendant pleaded in his answer a tender of this amount within three days after notice to quit was served; also that the time was extended by one Miner, who had charge of the property, and had collected all the previous rent; also that there was due $50 for repairs. These defenses were, on motion of plaintiff, stricken out. At the close of all the evidence the court directed a verdict for the plaintiff. From this judgment and order denying defendant's motion for a new trial, the defendant appeals.

Appellant contends: (1) That, as the lease contains no clause permitting a re-entry for the nonpayment of rent, there was no forfeiture of the lease by reason of failure to pay the same. (2) No demand having been made by the lessor for rent at the time when the same became due, or at any other time, there was no forfeiture of the lease. (3) No time or place being fixed in the lease for the payment of rent, there could be no forfeiture until the payment of the rent was first demanded. The respondent contends that our statute has entirely abrogated the old common law rules applicable to leases, and that all that is now required to entitle the lessor to recover possession of the leased property is to show that the rent is three days past due, and that a notice to quit has been served. Sec. 6073, Comp. Laws, provides that the action of forcible entry and detainer may be maintained "when a lessee in person or by subtenant * * * fails to pay his rent for three days after the same shall be due." It is quite clear that this provision disposes of the first contention—that a clause of re-entry must necessarily be contained in the lease. This section has made important changes in this branch of the law, and is in accord with the more modern statutes upon this subject. Hodgkins v. Price, 137 Mass. 13; Chadwick v. Parker, 44 Ill. 326; Jenkins v. Jenkins, 63 Ind. 415; Hend-

rickson v. Beeson, 21 Neb. 61, 31 N. W. 266.    The effect of the
statute is also to abrogate the common law rule, which required
a demand for the rent to be made upon the premises on the day
it became due, and to substitute for such demand the notice to
quit, provided for by Sec. 6074, Comp. Laws.    Hendrickson v.
Beeson, *supra*; Haynes v. Investment Co. (Neb.) 53 N. W. 979.
In the latter case it was held that in order to predicate a for-
feiture on the failure to pay, a demand was still necessary; but
it was held further that the notice to quit constitutes such a de-
mand.    The notice to quit being a substitute for the common-
law demand, it would seem to logically follow that a tender of
payment within the three days specified in the notice to quit
would prevent the forfeiture, and hence the lessor or his as-
signee should allege and establish the fact on the trial that
the amount due had not been paid or tendered within three
days after the service of notice to quit.    In the case at bar not
only did the plaintiff fail to make this proof, but the defendant
was denied the right to show that the rent was tendered within
the three days.    The object of these provisions making the fail-
ure to pay rent a ground of forfeiture evidently was to secure and
enforce the payment of rent without a resort to the old, tech-
nical proceedings at common law, and hence proof of payment
or tender made by the tenant within three days after the notice
to quit is served constitutes a good bar to an action to enforce
the forfeiture.    The time within which the rent is required to
be paid after notice to quit is much shorter in this state than in
any other state called to our attention, except Nebraska.    In
California, Illinois and Indiana the time is 10 days; in Massa-
chusetts, 14 days.    In California the notice to quit is required
to contain the alternative provision, or pay the rent due within
10 days.    But in Illinois and in Massachusetts, prior to 1880,
and in Nebraska, the notice is a simple notice to quit, yet the
courts in those states, in construing the statute, have held that
the notice to quit is equivalent to a demand, and payment made
or tendered within the time specified in the notice saves the for-

feiture. Chadwick v. Parker, *supra*; Chapman v. Kirby, 49 Ill. 211; Tuttle v. Bean, 13 Metc. (Mass.) 275; Haynes v. Investment Co., *supra*. No court, so far as our researches have extended, has held that without a demand of rent from the tenant in some form, a forfeiture could be predicated upon a failure to pay the same. Such a law would be so manifestly unjust, and would lead to such serious consequences that we cannot give to our statute such a construction, unless required to do so by language clearer and more pointed than that used in the law we are now considering. Large interests and valuable improvements are frequently involved in leases, and to hold that a tenant without notice or demand absolutely forfeits his lease by a failure to pay or tender his rent within three days after the same may become due, though prevented by sickness or accident or the absence of his landlord from making the payment, and without notice that the landlord will insist upon such a forfeiture, might often result in the grossest injustice and wrong. A construction, however, that makes the service of notice to quit a demand, thereby relieving the landlord from the necessity of making the common law-demand, and which gives the tenant the three days in which to pay his rent after such demand, it seems to us, carries into effect the clear intent of the lawmaking power. It follows from these views that the court below erred in striking out that part of the defendant's answer pleading a tender of payment within the three days, and in directing a verdict for the plaintiff, in the absence of proof on the part of the plaintiff that the rent was neither paid nor tendered within the three days after the service of the notice to quit. For these errors a new trial must be granted, and the judgment of the court below is reversed, and a new trial is ordered.