ADAM E. HITCHINS

v.

MARTHA HITCHINS.

*Divorce—Ill Treatment of Husband by Wife.*

1. This court declines to interfere with a decree dismissing a bill filed for a divorce by a husband, the acts upon which the same was based having occurred in another State.

2. This court does not favor the practice of parties resorting to the courts of this State for relief in such cases.

[Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. JOHN BARTON PAYNE and WILLIAM BRACE, for appellant.

Mr. L. VERNON FERRIS, for appellee.

WATERMAN, J.  Appellant filed his bill for divorce in the court below, alleging that he was married to appellee in Maryland in the year 1857, and there with her lived until 1884, when he ceased living with her in consequence of her ill treatment of him.

The testimony of the parties and many persons (mostly residents of Maryland) was taken, from which it appeared that appellant had been, during his residence in Maryland, a man of high character, a prosperous merchant, and is the father of grown-up children whose sympathies in this controversy are with him instead of with their mother.  It also appeared that in 1885 appellee brought suit in Maryland and obtained a

decree that appellant pay to her the sum of $30 per month as alimony.

In the view of the writer of this opinion, if all that is shown as to the marital life and conduct of these parties had occurred in the State of Illinois, there would be ample reason for the granting of a divorce; but the court below in dismissing the bill may have taken into consideration, as this court can not fail to do, that, as both parties lived as husband and wife in the State of Maryland for more than a quarter of a century, and as all the acts complained of occurred there, no good reason is shown for resort not having been had to the courts of that State, particularly as appellee seems to have applied to the tribunals of Maryland and there obtained a decree for alimony. A bill filed and the evidence produced under such circumstances may well be viewed with suspicion; the chancellor can hardly fail to ask the question, why were not these matters brought to the attention of the courts having jurisdiction over the territory where they occurred? Why was not a hearing had among the neighbors and friends among whom they lived for so many years?

The too common practice of parties whose marital life has been spent in another State, resorting to the courts of this for relief, consequent upon acts all of which happened outside of our boundaries, is not to be encouraged, and we are not inclined to interfere with the decree of the court dismissing the bill in this cause.                    *Decree affirmed.*