### John S. Walton v. Grace Walton.

#### Gen. No. 11,291.

1.  DESERTION—*what justifies, upon part of wife.*   It is only such conduct upon the part of the husband as will entitle the wife to a decree of divorce as will justify a desertion by her.

2.  DESERTION—*when charge of, established.*   Where a husband fits up a home for his wife, was able to provide for her in a manner suitable to their station of life, and writes her to come to him and she refuses to do so, for reasons not sufficient to entitle her to a decree of divorce, and for such reasons lives separate and apart from her husband for more than the statutory period preceding the filing of the bill by him, the husband is entitled to a decree of divorce.

Divorce proceeding. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded with directions. Opinion filed May 12, 1904.

THOS. J. BENSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

April 29, 1903, plaintiff, in error filed a bill for divorce against the defendant in error, in which he alleged that they were married September 25, 1895, and that June 1, 1896, she wilfully deserted and absented herself from him without any reasonable cause for the space of two years and upwards, and still persisted therein, etc.

The record shows that defendant was duly served with a copy of this bill and with a notice of the commencement of suit April 30, 1903, and that her default was taken June 4, 1903. The cause was heard the 20th day of the same month. The plaintiff, Charles S. Baker, and Mrs. Lina Walton were called as witnesses. The evidence showed the marriage as alleged; that the parties hereto lived in Toledo, Ohio; that June 1, 1896, she "went home to her folks in Sandusky, Ohio, to be confined;" that plaintiff wanted her to stay in Toledo with his parents, but she preferred to go home; that he was then in charge of a small clothing store and could not leave it; that in 1897 he lost his place in Toledo and came to Chicago to work for a clothing house; that he did not visit his wife at the home of her people, but did send her $4 or $5 per week for the first year after the separation; that in September, 1897, he rented and furnished a flat in Chicago and wrote her to come, but she refused to do so, whereupon he sent her such of the furnishings as she asked for and sold the remainder; that about six months after the separation defendant visited the family of the witness Baker, who was a friend to each of these parties, and Baker advised her to return to her husband; but she refused, saying that her husband's salary was only $45 to $50 per month, and she preferred her own home to

living on that amount of money; that her folks advised her to stay with them; and that she had formed a dislike for her husband.

The court dismissed the bill for want of equity. Plaintiff brings the case here by writ of error.

The sole question presented by this record is whether or not the foregoing evidence entitled the plaintiff in error to a decree of divorce upon the ground of desertion. It is clear that whatever was the intention of the wife when she went back to her people in June, 1896, six months thereafter she refused to return to her husband, for three expressed reasons, satisfactory to herself, but which, whether taken separately or combined, did not justify her in absenting herself from him. The ill-conduct which excuses a wife from living with her husband must be such as would justify a decree of divorce. Fritz v. Fritz, 138 Ill. 442. It is true that his neglect to visit his wife and child was calculated to offend her, and is not to be commended, but he fitted up a home for her; was able to provide for her in a manner commensurate to their station in life, and wrote her to come to him. She refused to return, and for that reason they have lived separate and apart for more than four years next preceding the date of the filing of the bill in this case. The evidence shows that the statutory fault for this condition of affairs is in her and not in him.

The decree of the Superior Court is reversed, and the cause is remanded with directions to that court to enter a decree of divorce as prayed for in the bill.

*Reversed and remanded with directions.*