## Marguerite Frank, Appellant, v. Alonzo J. Frank, Appellee.

### Gen. No. 17,063.

1. DIVORCE—*what is sufficient to justify desertion.* In a bill for divorce, reasonable cause to justify a desertion, where the cause is claimed to be the ill conduct of the deserted party, must be such conduct as would of itself entitle the other party to a divorce.

2. DIVORCE—*what is collusive desertion.* Where the wife sues for divorce on the ground of desertion, in order that the husband may sustain his contention that the desertion was collusive, it must appear that the wife assented to the desertion for the purpose of obtaining a divorce.

3. DIVORCE—*where bill is improperly dismissed.* A bill for divorce filed by the wife, charging desertion, is improperly dismissed for want of equity where the husband admits that he deserted his wife for the space of two years and does not show that his conduct was with reasonable cause.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded with directions. Opinion filed April 3, 1913. Rehearing denied April 17, 1913.

SMITH & WALLACE, for appellant.

OSCAR D. OLSON, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from an order dismissing for want of equity a bill for divorce filed by Marguerite Frank, charging desertion.

The evidence on behalf of the complainant tended to show that on June 9, 1907, her husband left her, and that she had not again seen him for over two years thereafter. The husband, by his answer and testimony upon the trial, admits this, but says that by her violent and unwifely conduct, complainant gave him ample cause for leaving her, and that they parted by mutual

consent, and therefore it is argued that it was not a desertion without any reasonable cause as contemplated by the statute as one of the grounds for a divorce.

It appears that the married life of the parties was disturbed by many differences of opinion, mostly over money matters, which degenerated into bitter quarrels. Each party respectively testified as to occurrences where one party subjected the other to physical abuse, but each insists that any acts of physical violence were exclusively by the other party. The husband's story of the circumstances of the separation on June 9, 1907, is, that shortly after one of their periodical quarrels he said: "We will part; you go your way and I mine," and that she replied, "All right," and that thereupon he left.

Can desertion under such circumstances be said to be with reasonable cause? We do not think so. It has been held that the reasonable cause to justify a desertion, where the cause is claimed to be the ill conduct of the deserted party, must be such conduct as would of itself entitle the other party to a divorce. (Fritz v. Fritz, 138 Ill. 436; Walton v. Walton, 114 Ill. App. 116). It is not claimed here that Mrs. Frank's conduct of itself would entitle her husband to a divorce, and the so-called "mutual consent" to the separation is not a reasonable cause for desertion, within the meaning of the statute.

If it should be argued that the desertion was collusive, it is sufficient to reply that to be collusive it must appear that Mrs. Frank assented to the desertion for the purpose of obtaining a divorce. No such showing is made, but on the contrary it is uncontradicted that she remained in the apartment three days after her husband left, as she says, "thinking he was fooling and that he would come back."

The husband admits that he deserted and absented himself from his wife for the space of two years, and as this conduct on his part was without reasonable

cause, she was entitled upon her bill and the evidence before the court to a decree of divorce under the statute. The order of the trial court is reversed and the cause remanded with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded with directions.*