[Civ. No. 1350.   Second Appellate District.—September 18, 1913.]

## FRANK D. CIVILLE, Appellant, v. NELLIE W. CIVILLE, Respondent.

DIVORCE—JUDGMENT FOR DEFENDANT—RES JUDICATA IN SUBSEQUENT AC-
TION BY HIM.—Where, in an action by a woman for a divorce on the
ground of cruelty because of her husband's alleged intimacy with
another woman, the court finds the alleged charge to be untrue and
gives judgment against her, such judgment is *res judicata* and bars
her from pleading the same alleged misconduct in justification of
her abandonment of her husband, in his subsequent action for divorce
on the ground of desertion.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, for Appellant.

H. H. Appel, for Respondent.

SHAW, J.—Action for divorce.   Judgment for defendant,
from which, and an order of court denying his motion for a
new trial, plaintiff appeals.

On April 22, 1911, plaintiff filed his complaint alleging that
on March 21, 1910, defendant, without cause and against his
consent, willfully deserted and abandoned him, which deser-
tion on the part of defendant without cause continued to the
date of the commencement of the action.   Defendant an-
swered admitting the desertion, as set forth in the complaint,
but alleged that on and ever since March 21, 1910, she had
refused to live with plaintiff "because of the association of
said plaintiff with one Ida Beckett, and because the said
plaintiff for a long time prior to said date did associate with
said Ida Beckett against defendant's will and consent, and
because the said plaintiff did for a long time prior to March
21, 1910, exhibit on his part great indifference toward this
defendant and neglected her because of said association with

said Ida Beckett." Upon the issue thus joined the court found: "That prior to March 21, 1910, she (defendant) demanded of and requested the said plaintiff to desist from associating or keeping company with said other woman, and that said plaintiff refused to desist from associating with or keeping company as aforesaid, and continued to and did associate with and keep company with a woman other than defendant, at late and unusual hours of the night, all of which facts were made known to the said defendant and caused her great mental anguish, and then and there she refused to longer live with said plaintiff herein." "That prior to March 21, 1910, the said plaintiff upon numerous occasions and divers times, and when not engaged in his business, kept away from his home until late and unusual hours of the night, and exhibited on his part great indifference toward the defendant herein, and neglected her by reason of his association with a woman other than defendant." And as a conclusion of law the court found that said facts justified defendant in abandoning her husband and refusing to live with him.

Whether or not the allegation quoted from the answer constituted a defense to the action admits of grave doubt, but conceding that the facts pleaded, if true, as found by the court, constituted extreme cruelty, and hence sufficient cause for the admitted desertion, it was nevertheless error to admit any evidence in support of such facts, for the reason that there had been a formal final adjudication between the parties of the issue in an action filed by defendant on said March 21, 1910, against plaintiff, wherein plaintiff, who is defendant here, had alleged the same facts as constituting extreme cruelty, on account of which she asked for a divorce. The court, as shown by the judgment-roll in that case, which was here introduced in evidence, found the alleged facts to be untrue, and gave judgment against her. The issue tendered was therefore *res adjudicata*, and plaintiff's objection to the evidence offered in support thereof should have been sustained. The sole and only acts of plaintiff assigned by defendant as a cause for her desertion of plaintiff were those alleged in her action for divorce wherein the court found him without fault. No evidence whatever was offered tending to show any misconduct on his part subsequent to the date of March 21, 1910, at which time she filed her complaint for divorce, and, as

stated, one of the grounds therefor being the alleged misconduct pleaded herein as a ground for desertion, and the action of the court had therein was conclusive upon such question.

It was therefore the duty of the wife, particularly when he expressed a desire to have her do so, to return to her husband, instead of which her testimony shows an irrevocable determination on her part to never return.

The judgment and order appealed from are reversed.

Allen, P. J., and James, J., concurred.