[Civ. No. 1429.  Third Appellate District.—November 20, 1915.]

## CARL BENSON, Appellant, v. GERDA BENSON, Respondent.

DIVORCE—SUBSEQUENT ACTION—RES ADJUDICATA.—In an action for divorce, wherein the decree was granted to the wife upon her cross-complaint alleging extreme cruelty, the plaintiff cannot contend that the matters set up in such cross-complaint were made issues by the respective pleadings in a former divorce action denying the parties a divorce, where the plaintiff in his answer to such cross-complaint failed to plead to such judgment, and there is nothing in the record relating to such judgment, other than the mere pleading of the same in the answer to the original complaint.

ID.—EXTREME CRUELTY—ACTS SUBSEQUENT TO FORMER JUDGMENT—PLEA OF RES ADJUDICATA NOT MAINTAINABLE.—A plea of *res adjudicata* cannot be maintained against an action for divorce on the ground of extreme cruelty, where the acts charged occurred after the judgment in the former action was rendered.

ID.—EVIDENCE—WILLINGNESS TO RETURN TO HUSBAND—EXCLUSION OF TESTIMONY—LACK OF PREJUDICE.—In an action for divorce wherein a decree was granted to the wife upon her cross-complaint alleging extreme cruelty, it is not prejudicial error to refuse to permit her on cross-examination to state whether or not she was willing to go back to her husband, and live with him, where it appears from the evidence that such question would have been answered in the negative if allowed, and that both parties had been persistently engaged in an effort to get rid of each other upon what appears to be sufficient reason.

ID.—SUPPORT AND MAINTENANCE OF MINOR CHILDREN—REASONABLE ALLOWANCE.—An allowance of fifteen dollars per month to each of the three minor children of the marriage for their support and maintenance is not unreasonable as against the father, where he is shown to be a carpenter and building contractor, earning good wages, and usually employed.

APPEAL from a judgment of the Superior Court of San Mateo County.  George H. Buck, Judge.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Appellant.

John D. Willard, and Gilbert D. Ferrell, for Respondent.

HART, J.—The court below rendered and entered its interlocutory decree, adjudging the defendant to be entitled to a divorce upon her cross-complaint, and awarding her a one-half interest in the community property and the custody of three minor children, issue of the marriage of the parties, and making an allowance of $15 per month to each of said children for their support and maintenance.

This appeal is by the plaintiff from the judgment so rendered and entered.

The complaint is in two counts, the one in due form charging the defendant with willfully deserting the plaintiff in the month of October, 1908, and the second alleging extreme cruelty on the part of the defendant toward the plaintiff. Certain specific acts of cruelty are set forth in the latter count, and in substance they are: That the defendant had been in the habit of bestowing unbecoming attention on men other than her husband, and that, in the month of July, 1908, the plaintiff discovered "that she had a man other than her husband in her bedroom"; that defendant on numerous occasions expressed to the plaintiff a preference for other men over him; that the defendant abused their children, being in the habit of addressing them in harsh and abusive language, and had threatened to kill said children on many occasions; that she refused to prepare meals for said children, and refused to "dress them" or give them other necessary attentions due from a mother to her minor children, with the result that the plaintiff was required to prepare their meals for them and otherwise minister to the necessities of said minors; that, on the eighth day of December, 1912, the defendant said to the plaintiff that she desired to have nothing more to do with either their minor children or him, and that she "refuses to have anything to do with the said children, and that plaintiff provides for them in every respect," etc.

The defendant answered the complaint by specific denials of the allegations of each of the counts thereof, and, furthermore, pleaded in bar of the plaintiff's action, a former judgment in an action for a divorce, wherein the defendant here was plaintiff and cross-defendant and the plaintiff here defendant and cross-complainant. The defendant also filed a cross-complaint herein, in which she charges, separately and in different counts, that the plaintiff had willfully deserted her, had neglected and failed to provide for her the common

necessaries of life for and during the year immediately preceding the filing herein of her cross-complaint, and that the plaintiff had been guilty of extreme cruelty toward her in divers ways and on numerous occasions, such acts of cruelty being specifically set out.

The plaintiff made answer to the cross-complaint.

No evidence was offered in support of the defendant's plea of *res adjudicata*.

The court made no findings upon the causes of action for desertion and failure to provide set up in the defendant's cross-complaint. It did, however, in substance find as to the cause of action therein stated involving the charge of extreme cruelty, that the plaintiff for and during the course of a number of years prior to the date of the institution of this action by the plaintiff and cross-defendant, on numerous occasions, and often in the presence of other persons, had called the defendant and cross-complainant vile and, indeed, unprintable names; that he, during that time, told other people, in her absence, that she was an immoral woman, and that the persons to whom he so spoke of her had communicated to her the fact of his denunciation of her in the manner indicated; that, without cause or provocation therefor, he attempted to strike her on one occasion, and but for the interference and protection she received at the hands of a Mr. Ellis, who was then present, he would have struck and inflicted upon her serious bodily injury; that on said occasion he, in the presence of strangers, called her a liar, a thief, and a fool, and said she was not a moral or respectable or virtuous woman, and asseverated "that he would not live with said Gerda Benson again, even if she begged him to allow her to live with him"; that for many years he had kept up a continuous abuse of the defendant and cross-complainant of a character which made it impossible for her to live in peace or happiness with him.

There is no claim here that the evidence does not support the allegations of cruelty of the cross-complaint or the findings upon which the judgment is planted. It is contended, however: 1. That each and all of the matters set up by the defendant in the several counts of her cross-complaint were made issues by the respective pleadings in the former divorce action between the parties, and were adjudicated by the judgment therein, whereby the court denied to both of the

parties the relief prayed for in their complaint and cross-complaint, respectively, filed in said action, and dismissed the said action and all the proceedings therein. 2. That the court erred to the serious detriment of the rights of the plaintiff by refusing to allow certain testimony to be received. 3. That the allowance for the support of the minor children is too large, and not justified.

There are two conclusive answers to the first of the propositions above stated: 1. That the plaintiff, in his answer to the cross-complaint of the defendant, did not plead the former judgment, nor was there proof thereof offered or received under the plea of estoppel based upon said judgment set up by the defendant in her answer to the complaint. The judgment-roll in said former action was not introduced in evidence by either party, and the defendant having merely pleaded in her answer the cross-complaint of the plaintiff here (defendant there) and the judgment in said action, there is nothing in the record disclosing the grounds upon which the defendant here as plaintiff in the former action relied for a divorce. 2. It appears that the acts of cruelty charged in the cross-complaint of the defendant in the present action occurred after the judgment in the former action was rendered and entered, and in such case, of course, the plea of *res adjudicata* cannot be maintained. There is nothing said in *Civille* v. *Civille*, 22 Cal. App. 707, [136 Pac. 503], cited by appellant, in conflict with this declaration.

Counsel for the plaintiff asked the defendant on cross-examination the following question, to which objection was made by the defendant and sustained by the court: "Are you willing to go back to Mr. Benson and live with him?" It is here urged that the ruling was error and prejudicial. Of course, if a reply to the question had been allowed, and the defendant had answered in the affirmative, it might have had some tendency to weaken her testimony as to the nature and extent of the acts of cruelty of which she said her husband had been guilty. But, having given testimony in the most emphatic manner of outrageous acts of cruelty habitually inflicted upon her by the plaintiff for many years prior to the filing of her cross-complaint in this action, it is more than probable that the defendant would not have answered the question in the affirmative, as evidently counsel desired might be the answer. But, however that may be, we do not

think that the ruling, even if not strictly correct, should be held to afford a sufficient reason for sending the cause back for retrial, particularly since it appears to be true that both parties have persistently been engaged in an effort to get rid of each other as husband and wife upon what appears to be sufficient reason.

As to the last of the propositions above stated, it is said that "the allowance to the wife is out of all proportion to the financial status of the parties."

The allowance was not made to the wife, but solely to and for the support and maintenance of the minor children of the parties. The amount allowed for that purpose to each of said children is fifteen dollars or a total of forty-five dollars per month. The evidence showed that the plaintiff is a carpenter and building contractor, earns good wages, and is usually employed. We cannot say that the allowance is unreasonable as to the plaintiff or beyond what may be reasonably required to support and maintain the children in a manner consistent with the plaintiff's circumstances and earning ability.

No other points are raised.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.