# MILLER *v.* MILLER

No. 2934

October 19, 1931. 3 P.(2d)1069.

*Kendrick Johnson* and *John S. Sinai,* for Appellant:

*Brown & Belford,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

The parties to this action for divorce intermarried in the city of Chicago, county of Cook, State of Illinois, in August, 1920. In December, 1925, the wife commenced a proceeding in chancery in the superior court of said county for divorce upon the ground of "extreme and repeated cruelty." Upon issues made by the amended bill and answer the cause was tried to the court with the assistance of a jury. The verdict of the jury was as follows: "We, the jury, find the defendant not guilty of extreme and repeated cruelty as charged in the bill of complaint." The complainant moved to set aside the verdict and for a new trial. In November, 1926, her motions were overruled and denied. On the same day it was ordered, adjudged, and decreed that the bill of complaint be dismissed "for want of evidence." No appeal was taken. Thereafter, in January, 1927, the complainant filed her bill in said superior court against her husband, in which she prayed that the defendant be decreed to provide for her separate maintenance for the same acts of cruelty and repeated cruelty pleaded in her bill of complaint for an absolute divorce. While the case was at issue, upon plaintiff's own motion her action for separate maintenance was dismissed without prejudice.

Thereafter the wife left her marital domicile in Illinois and came to Reno, Washoe County, Nevada, arriving

there on or about February 9, 1929. Having resided in Reno for the statutory period of three months, on, to wit, June 22, 1929, she filed her complaint in the court below for divorce, setting up in her complaint two causes of action, one for willful desertion and the other for extreme cruelty. As and for her first cause of action for desertion, she pleaded the same acts of cruelty and other misconduct of the defendant relied on in her bill of complaint for divorce in said superior court in and for Cook County, Ill. In response to process, the defendant, a resident of Illinois, appeared and answered the complaint. He denied specifically each and all of the allegations of ill treatment and misconduct and set up exemplified copies of all of the proceedings in the Illinois court as a defense and in bar of the plaintiff's right to maintain her action for divorce in Nevada for willful desertion. The plaintiff made reply to the defendant's answer and denied, in substance, that the judgment of the Illinois court was conclusive of the issue of willful desertion present in this action and therefore was not res judicata.

Upon issues thus made and after a full hearing, the court, without the assistance of a jury, found, in substance, that the plaintiff had been forced to leave the defendant because of his cruelty and other misconduct; that the plaintiff was justified in leaving the defendant; that the defendant had willfully abandoned and deserted the plaintiff without cause or provocation on her part for more than one year immediately preceding the filing of her complaint; and that the defendant's acts and conduct relied on in the second cause of action were such as to constitute extreme cruelty. Judgment was rendered in favor of the plaintiff and against the defendant, from which judgment and from an order denying his motion for new trial the defendant appeals.

We shall, as far as possible, refer to the parties as the wife and the husband, respectively.

Upon appeal from the judgment we are in limine confronted with the question of whether or not the judgment of dismissal of the plaintiff's suit in Illinois

for want of evidence to support the charges of cruelty and repeated cruelty is conclusive of the issue of willful desertion alleged in the plaintiff's Nevada complaint. A review of the exemplified copies of the proceedings in the Illinois court shows that the sole and only acts of the defendant assigned by the plaintiff in the Nevada court as a cause of action for the defendant's willful desertion were those pleaded in her action for divorce in Illinois for extreme and repeated cruelty, wherein the jury found that the charges were untrue, and the suit was dismissed for want of evidence.

 It is fundamental in judicial practice that parties can litigate to judgment the same thing but once. For example, where, in an action by a wife for divorce on the ground of cruelty, the court finds the alleged charge to be untrue, and gives judgment against the wife, such judgment is res judicata, and bars her from pleading the same alleged misconduct in her subsequent action for divorce on the ground of desertion. Civille v. Civille, 22 Cal. App. 707, 136 P. 503. Whether or not such prior judgment constitutes a bar to a subsequent suit does not depend upon the difference in relief sought in the two actions, but upon the question whether the same matter put in issue in the second suit between the same parties was actually in issue in the first and adjudicated. 9 Cal. Jur. 752. In Silverman's Case, 52 Nev. 152, 283 P. 593, it will be observed that the concurring opinion became the law of the case. It was held that a foreign divorce suit based on extreme cruelty and gross neglect of duty did not disclose a different cause of action from a suit founded on willful desertion and did not preclude the former decree from operating as res judicata. The court said that the true test of "identity of causes of action," as that term is used in connection with the plea of former adjudication, is the identity of the facts essential to their maintenance, and when the same evidence supports both, the two causes of action are identical as regards the plea of res judicata. One cannot, by varying the form of an action, escape the operation of the

principle that one and the same cause of action shall not be twice adjudicated upon the merits between the same parties or their privies. In Vickers v. Vickers, 45 Nev. 274, 199 P. 76, 202 P. 31, it was held that a question of fact, distinctly put in issue and determined by a court of competent jurisdiction as a ground of recovery or defense, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, where a proper plea is interposed, whether the second suit be for the same or for a different cause of action. The reasoning of the court was that it matters not the character of the proceeding in which issues are adjudicated, but whether they have in fact been adjudicated between the same parties or their privies. So, in this case, we are confronted with the direct question of whether or not the plaintiff, by reason of her Illinois proceeding, and the result thereof, is precluded from pleading the same alleged misconduct of the defendant in her action for divorce in Nevada for willful desertion.

It is well settled that where a spouse intentionally brings the cohabitation to an end by misconduct which renders the continuance of the marital relations so unbearable that the other leaves the family home, the former, and not the latter, is the deserter. 19 C. J. 61. Such misconduct is sufficient to charge the offending spouse with desertion under our statute. Sweet v. Sweet, 49 Nev. 254, 243 P. 817. In Illinois, as elsewhere, this doctrine, known as "constructive desertion" in the law, is qualified by the general rule that one spouse is not justified in leaving the other unless the conduct of the offending spouse is such as would in itself constitute a ground for divorce. Frank v. Frank, 178 Ill. App. 557; Walton v. Walton, 114 Ill. App. 116; Carter v. Carter, 62 Ill. 439, 19 C. J. 80. That the plaintiff was not entitled to a divorce for extreme and repeated cruelty under the Illinois statute is manifest, but it is argued that the judgment of dismissal of plaintiff's suit in Illinois for want of evidence left

undecided the question of the defendant's constructive desertion of the plaintiff. Consequently, there is no identity of issues in the two cases and no resulting res judicata. We are of the opinion that the verdict of the jury and the judgment of the Illinois court established that the charges made in the plaintiff's bill of complaint therein were untrue. Undoubtedly the causes of action are different, but the facts pleaded in both cases are identical, and we take it that the same evidence necessarily determined both cases. Consequently, no good reason appears for holding that the same matter put in issue in the present case as constituting desertion was not actually in issue in the Illinois case and adjudicated.

In the argument at bar there is a ground taken that in Illinois the denial of a divorce for extreme and repeated cruelty is not res judicata in a suit for divorce on the ground of desertion. The cases relied upon do not sustain the proposition based on them. In the cases cited it was held that a decree in a suit for separate maintenance is not res judicata in a suit for divorce on the ground of desertion, and vice versa.

It is also argued that the verdict of the jury in the Illinois case was general and that with the judgment of dismissal of the suit for want of evidence this court cannot say that the verdict and judgment necessarily established that the defendant was not guilty of willful desertion. Undoubtedly the verdict of the jury and the judgment in the Illinois case conclusively settled that the facts pleaded were not true, but notwithstanding the plaintiff comes to Nevada and asserts a right to divorce based on the same facts through a different remedy called constructive desertion.

In the case of Hitchins v. Hitchins, 41 Ill. App. 82, the court said: "The too common practice of parties whose marital life has been spent in another State, resorting to the courts of this for relief, consequent upon acts all of which happened outside of our boundaries, is not to be encouraged, and we are not inclined

to interfere with the decree of the court dismissing the bill in this cause."

This court has clearly indicated in several recent decisions its disapproval of the practice of parties resorting to our courts for a divorce in cases where they have been denied relief upon the same state of facts in the courts of their marital domicile. The good faith of plaintiff's action is challenged by the defendant's plea or defense of res judicata.

■ We are of the opinion that the decree or judgment of the Illinois court dismissing the plaintiff's bill of complaint for want of evidence was conclusive of the question of the defendant's willful desertion.

The judgment must therefore be reversed, and it is so ordered.

ON PETITION FOR REHEARING

December 31, 1931.

*Per Curiam:*

Rehearing granted.

ON REHEARING

June 17, 1932.

## OPINION

By the Court, SANDERS, J.:

In an opinion filed in this cause on October 19, 1931, a decree of divorce in favor of respondent, plaintiff in the court below, was reversed as to her cause of action for willful desertion, but no disposition was made of plaintiff's cause of action for extreme cruelty, except by inference. Miller v. Miller, 54 Nev. 44, 3 P.(2d) 1069. Afterwards a rehearing was ordered by the court, and the rehearing has been had.

██ Upon this further consideration of the case we adhere to the view that the issue of willful desertion present in this action is res judicata by reason of the Illinois judgment pleaded as an affirmative defense. In Illinois, as in Nevada, it is held that when the same specific acts have been adjudged in a former suit and the same fact or facts are again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied' upon, will be conclusive upon the parties in the later suit, without regard to whether the causes of action are the same in both suits. Hoffman v. Hoffman, 246 Ill. App. 60; Silverman v. Silverman, 52 Nev. 152, 283 P. 593. Applying this rule to the instant case, plaintiff should not be permitted to relitigate in this jurisdiction by seeking a different remedy based upon the same facts pleaded and relied upon in her Illinois suit for extreme and repeated cruelty.

██ The complaint alleges, in substance, that the defendant went to the home of the parents of the plaintiff, where she and her child were then residing, and used to her violent, abusive and threatening language and violently seized their child and attempted to carry it away by force, nearly causing serious physical injury and put plaintiff in great bodily fear for herself and child. Plaintiff further alleged that in December, 1927, and on numerous occasions defendant willfully and maliciously harassed and annoyed

plaintiff and put her in fear of serious physical injury by calling her to the telephone and using violent, abusive and threatening language, often making threats of bodily injury and sometimes even threatening her life and that such conduct of the defendant caused plaintiff to suffer extreme mental anguish, put her in fear of receiving serious bodily injury at the hands of defendant and threatened to and did seriously impair plaintiff's health and rendered it unsafe and improper for plaintiff ever to live and cohabit with defendant. It will be observed that the gravamen of plaintiff's cause of action for extreme cruelty is based on great bodily fear for plaintiff and their child resulting in the impairment of plaintiff's health. The charge of cruel conduct to the child may be dismissed with the statement that if defendant maltreated the child solely for the purpose of giving the mother pain, resulting in the impairment of her health, he was guilty of such an act as justifies a decree in favor of the plaintiff. 19 C. J., sec. 90, pp. 50, 51.

The only testimony tending in the least to support the charge of cruelty is that the acts of the defendant made her nervous. This is not sufficient. If the evidence showed that the acts of the defendant produced such a nervous condition as to result in the impairment of her health, we would affirm the judgment. There being no such showing, the judgment must be reversed, and it is so ordered.