DETERMINED IN THE

# SUPREME COURT

OF THE

# STATE OF NEVADA,

## DURING THE YEAR 1867.

---

## CHARLES L. SHERMAN, Respondent, *v.* JAMES S. DILLEY, Appellant.

To make a former judgment, between the same parties, evidence in a subsequent suit, it must appear that the facts constituting the estoppel were actually passed on by the jury in the former case.

If the pleadings do not show it, parol testimony may be introduced to explain the record, and show that the identical point arising in the second suit was tried in the former.

If no parol evidence be introduced, the record is only evidence of what is necessarily put in issue by the pleadings.

When a plaintiff in ejectment avers title and right of possession in himself, and the defendant denies both these allegations, and on the other hand avers title and right of possession in *himself*, here it would seem, *prima facie*, that the title was in controversy. The judgment, in such case, would operate as an estoppel in any future litigation between the same parties, unless it should be shown that one of the parties was prevented from making his title available in the former suit by some temporary impediment, such as an outstanding lease or license, or that he had acquired some new title since the former judgment.

Sherman *v.* Dilley.

The common law doctrine, that a judgment in ejectment cannot be pleaded in bar or given in evidence by way of estoppel, arises from the fact that this action at common law is between fictitious persons, and has no applicability to our action for possession of real property, which is more like the writ of entry or assize than the old action of ejectment. Our action, although called ejectment, seems to combine the properties of a writ of assize, of entry, and of right, and as such a judgment in an action is an estoppel in regard to all titles litigated therein.

It is proper for a Court to refuse instructions containing correct principles of law, if there is no evidence before the jury making them applicable to the case on trial.

A judgment cannot be pleaded in bar, or proved as an estoppel, whilst it is pending on appeal.

APPEAL from the District Court of the Third Judicial District, Lyon County, Hon. WM. HAYDON, presiding.

The facts are stated in the opinion.

*F. H. & J. M. Kennedy* and *R. M. Clarke*, for Appellant.

*H. M. Steele*, for Respondent, cited *Reynolds* v. *Harris*, 14 Cal. 678; *Gray and others* v. *Dougherty et al.*, 25 Cal. 266, and *Carpenter* v. *Schmidt*, 26 Cal. 479, as to the force and effect of the former judgment.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

By the former opinion of a majority of the Court in this case, the judgment of the lower Court was reversed, and a new trial ordered. Upon further examination of the authorities, however, I am satisfied that we were incorrect in our conclusions, and that the judgment of the lower Court must be affirmed.

The action was brought to obtain an injunction restraining the defendant from diverting a certain stream of water from premises claimed by the plaintiff; and also to recover the sum of one thousand dollars as damages for the diversion complained of. The rights of both parties apparently rest upon the ownership of the premises from which the water is diverted. Upon the trial, the plaintiff introduced in evidence the judgment roll in an action of ejectment brought by Dilley against Sherman to recover possession of the

premises from which it is claimed the water is diverted, and upon the ownership of which the right to the water seems to depend. The judgment in that action being in favor of Sherman, it was used by him on the trial of this cause as an estoppel to any claim of title which existed at the time of its rendition, and which the defendant Dilley might wish to set up in this action. Acting upon the conviction that that judgment constituted an estoppel, the Court below charged the jury that " the judgment read in evidence in this case by the plaintiff is a bar to any right which the defendant might or did have, or might have proven at the time of the trial on which said judgment was rendered; therefore you are instructed to disregard all testimony of title or right of possession to the premises in dispute which existed prior to that time." The giving of this instruction by the Court below brings up the question whether the verdict and judgment in the first action between these parties were admissible in evidence as an estoppel on the trial of the second.

The general rule of law is, that a judgment of a Court of competent jurisdiction directly upon a certain point, is as a plea a bar, or as evidence conclusive between the same parties or privies upon the same matter in any other action. In the Duchess of Kingston's case, (20 Howell's State Trials) Chief Justice De Gray lays down the rule upon this subject, as follows : " From the variety of cases relating to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true : First. That the judgment of a Court of concurrent jurisdiction directly upon the point, is as a plea a bar, or as evidence conclusive between the same parties upon the same matter directly in question in another Court. Secondly. That a judgment of a Court of exclusive jurisdiction directly upon the point is, in like manner, conclusive upon the same matter between the same parties coming incidentally in question in another Court for a different purpose. But neither the judgment of a concurrent nor exclusive jurisdiction is evidence of any matter which comes collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment."

To make the former judgment between the same parties admissible in evidence in another action pending between them, it must appear that the fact constituting the estoppel, and which is sought to be proved by the record, was actually passed upon by the jury in finding their verdict in the former suit. It is, perhaps, not necessary that it should have been directly and specifically put in issue by the pleadings; but it is sufficient if it is shown that the question which was tried in the former action between the same parties is again to be tried and settled in the suit in which the former judgment is offered in evidence. But when the fact is not directly put in issue by the pleadings, and it was not a fact necessary to be passed upon before judgment could be rendered, then parol evidence is admissible to show that the same fact was submitted to, and passed upon by the jury in the former action. If this be not done, the judgment would, as evidence, be conclusive of nothing but the material facts directly put in issue by the pleadings, or such as it was necessary to pass upon in finding the verdict, or rendering the judgment. The judgment introduced in evidence in this case, was rendered upon pleadings in which each party avers that he is the owner, and entitled to the possession of the real estate in the controversy. Though the right of possession was the ultimate question to be determined by the Court in that case, that right seems only to have been claimed as resulting from the ownership of the premises. The plaintiff alleges that he is the owner and entitled to the possession of the premises, whilst the defendant denies such ownership, and claims ownership and right of possession in himself. If that be the state of the case, the right of possession could only be determined by passing upon the title, and if that was found to be in Sherman, it would be a violation of the rule above laid down to allow Dilley to set up the same claim in a subsequent action against Sherman, which he had relied on before, and which had been declared insufficient to entitle him to recover; unless he shows that the title, upon which he relies in the second action, was unavailable in the first by reason of some existing lease or license, which, at that time, defeated the right of possession. Such fact could undoubtedly be shown by parol proof, and in that way, the title which had been relied on in the first action, might become available in the

second ; for, notwithstanding the same title may be relied on in the second action which was employed in the first, the recovery in the second action may be sought upon a right of possession which has accrued upon that title since the first action.   However, when the pleadings put the title or ownership in issue, *prima facie,* the verdict and judgment would constitute an estoppel to the assertion of any title which existed in the party at the time of the former action.

At common law, when the action of ejectment was based upon a fiction, and the parties were fictitious, the record could not be used by way of estoppel.   The reason for that rule is clearly stated by Mr. Justice Miller, in the case of *Miles* v. *Calwell* (2 Wallace, 40).   He says: " One reason why the verdict cannot be made conclusive in these cases, is obviously due to the fictitious character of the action.   If a question is tried and determined between John Doe, plaintiff, and A B, who comes in and is substituted defendant in place of Richard Roe, the casual ejector, it is plain that A B cannot plead the verdict and judgment in bar of another suit brought by John Den against Richard Fen, though the demise may be laid from the same lessor ; for there is no privity between John Doe and John Den.   Hence, technically, an estoppel could not be successfully pleaded so long as a new fictitious plaintiff could be used."

This reason, however, no longer exists.   Under our practice the real parties in interest are made plaintiffs and defendants ; and, as is usual under the new forms, the real ownership or title is put in issue, there is, perhaps, no reason why a judgment upon such pleadings should not operate by way of estoppel.   If the plaintiff pleads ownership or title in fee in himself, and issue is taken upon that question, and found against him, we can see no reason why the record should not operate as an estoppel to any title existing in the same party at the time of the first trial.   Our action for the recovery of the possession of real property is more analogous to the proceeding by writ of entry, or assize, at common law, than to the old action of ejectment.   Those were actions merely possessory, serving only to regain the possession.   They determined nothing with respect to the right of property.   Under the writ of entry the title of the tenant or possessor was disproved by showing the

3

unlawful means by which he entered or continued in possession. The defendant was allowed to deny or justify his entry by showing title in himself, or those under whom he makes claim; whereupon, the possession of the land was awarded to him who produced the clearest right to possess it. "As a writ of entry," says Mr. Justice Blackstone, "is a real action which disproves the title of the tenant by showing the unlawful commencement of his possession, so an *assize* is a real action which proves the title of the demandant merely by showing his or his ancestor's possession; and these two remedies are, in all other respects, so totally alike, that a judgment or recovery in one is a bar against the other; so that when once a man's possession is established by either of these possessory actions, it can never be disturbed by the same antagonists in any other of them." (5 Chitty's Blackstone, 184.)

True, the unsuccessful party in either of these actions could again appeal to the Courts to have the *rights of property* established by means of the writ of right, whereby the right of property alone was determined. But where these various forms of real actions are recognized, a material distinction is maintained between the writ of entry and assize, whereby the right of possession alone is determined, and the writ of right which determines the right of property. It was held by the Courts that the subject matter of the action by writ of entry and assize was different from that involved in the writ of right. Under our practice, however, all these different forms of real actions are merged into the one action which we call ejectment: in which both the right of possession and the right of property are tried. Therefore, the same reason which made a judgment in a writ of entry or assize operate as a bar to a subsequent action of the same character between the same parties, would undoubtedly make a judgment in our action of ejectment operate in the same way. Hence we conclude that a judgment in ejectment, where issue is taken upon the title or ownership, will operate by way of estoppel in a subsequent action between the same parties, involving the same subject matter; such estoppel being confined to the rights and relations of the parties as they existed at the time of rendition of the judgment, and not to affect subsequently acquired rights or titles. (*Caperton* v. *Schmidt*, 26 Cal. 479.)

The second assignment of error is, that the Court below erred in refusing to give instructions six, seven, eight and nine, asked by the defendant.    Though these instructions correctly announce the law, they were properly refused, for the reason that they are all based upon evidence which was ruled out by the Court's instruction above referred to.

The third error complained of is, that the Court erred in giving instructions five, six and seven asked by the plaintiff.    Of this complaint it is only necessary to say that the record does not show that those instructions were given by the Court; and furthermore, we are satisfied from the record that they do not belong in this case, but to the case of *Dilley* v. *Sherman*, and were inadvertently copied into this record by the Clerk.    It is therefore unnecessary to determine whether the law is correctly announced in them or not.    Had counsel shown to the Court below that the case of *Dilley* v. *Sherman* was on appeal at the time this case was tried, and objected to the introduction of the record in that case upon that ground, it would doubtless not have been admitted; for a verdict and judgment cannot be pleaded in bar, nor do they operate by way of estoppel whilst the case in which they are rendered is pending on appeal. That fact was not, however, called to the attention of the Court below, and cannot be made here for the first time.

The judgment of the Court below must be affirmed.