N. M. Motor Corp. v. Bliss, 27 N. M. 304.

[No. 2474.   June 20, 1921.]

## NEW MEXICO MOTOR CORPORATION v. BLISS.

[Rehearing Denied Oct. 19, 1921.]

### SYLLABUS BY THE COURT.

1. A court of equity, even in the absence of special circumstances of fraud, accident, or mistake, may relieve against a forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee.          P. 306

2. While a court of equity has power to relieve against a forfeiture for nonpayment of rent, even though the contract or lease provides for such forfeiture, it has no power to relieve against forfeiture imposed by statutes.          P. 307

3. The effect of Code 1915, § 2384, which gives a right of action in forcible entry and unlawful detainer "when the tenant fails to pay the rent at the time stipulated for payment," and section 2386, which provides for 3 days' notice to quit before suit can be brought, is to work a statutory forfeiture, but the forfeiture does not become effective until the expiration of the 3 days after the notice, during which time the tenant can pay the rent and avoid the forfeiture.
P. 307

4. The 3 days' notice to quit where the rent is not paid was designed to take the place of the common-law demand, and to provide a short time within which the tenant might pay the rent, and thus save the forfeiture.          P. 308

5. Where the statute provides for the forfeiture of the lease by giving 3 days' notice to quit for nonpayment of the rent, and the landlord, instead of giving the statutory 3 days' notice, gives a 10-day notice to quit, the tenant has the 10 days in which to tender the rent and avoid forfeiture.
P. 310

6. Whenever the judgment, if left unreversed, will preclude the party against whom it stands as to a fact vital to his rights, though the judgment, if affirmed, may not be directly enforceable by reason of lapse of time or change of circumstances pending appeal, a writ of error will not be dismissed as involving only a moot question.          P. 310

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by the New Mexico Motor Corporation against E. E. Bliss. Defendant's motion for judgment on pleadings was granted, and the complaint

dismissed, and, pending appeal by plaintiff, temporary injunction was allowed to remain in force. Motion to dismiss appeal denied, judgment of trial court reversed, and cause remanded, with instructions to proceed according to the opinion.

Simms & Botts, of Albuquerque, for appellant.

Forcible entry and detainer statute does not of itself forfeit lease. Romero v. Gonzales, 3 N. M. 5; Patten v. Balch, 15 N. M. 276; 16 R. L. C. "Landlord & Tenant" Par. 666; Kann v. King, 204 U. S. 43, 69 L. R. A. 866; Abrams v. Watson, 59 Ala. 524; Garner v. Hannah, 6 Duer (N. Y.) 262; Wylie v. Kirby, Ann. Ca. 1913A.

H. B. Jamison, of Albuquerque, for appellee.

A court of equity is without jurisdiction to relieve against a forfeiture in face of the statute. 16 R. C. L. p. 1151; 69 L. R. A. 835; Warne v. Wagenor, 15 Atl. (N. J. E.) 307; Sec. 2384, Code 1915; 69 L. R. A. 866; Woodson v. Skinner, 22 Mo. 13; Taylor v. Carondelet, 22 Mo. 105; Hutch v. Crondelet, 26 Mo. 466; Brink v. Studman, 70 Ill. 241.

## OPINION OF THE COURT.

RAYNOLDS, J.   The New Mexico Motor Corporation, appellant herein, brought suit in Bernalillo county against E. E. Bliss, appellee, seeking to be relieved from forfeiture in the payment of rent under certain lease of a store building in the city of Albuquerque, owned by Bliss, and praying a temporary injunction to restrain Bliss from molesting it in the possession of the real estate pending the litigation, and for a perpetual injunction on final hearing. A temporary injunction was granted, and, upon trial of the case, the defendant, Bliss, moved the court to deny the plaintiff the right to introduce testimony, which motion was sustained. Motions for judgment on the pleadings were made by both plaintiff and defendant, and defendant's motion was granted. Thereafter the complaint was dismissed,

and pending the appeal to this court the temporary injunction was allowed to remain in force.

Appellant assigns four errors which may be considered as one assignment, namely, that the court erred in granting defendant's motion for judgment on the pleadings, and dismissing plaintiff's complaint.

Appellant held under a lease from one Mrs. Sallie Garcia, who was the former owner of the property in question. Appellee, Bliss, had purchased the property and had received rent from the appellant. The lease provided, among other things:

"And it was expressly understood and agreed by and between the parties that if the rent above reserved or any part thereof shall be behind or unpaid on the date of payment whereon the same ought to be paid as aforesaid * * * it shall and may be lawful for the party of the first part, his heirs, etc., at his election, to declare said term ended, and enter into the premises or any part thereof, either with or without due process of law, re-enter, and the said party of the second part, or any other person or persons occupying in or upon the same to expel, remove, or put out, using such force as may be necessary in so doing."

It is admitted that the rent for the month of October, 1919, due on the 1st day of October of that year, was not paid, and that on the 28th day of October, 1919, the defendant, Bliss, served on the appellant a written notice of forfeiture, and demanded that plaintiff vacate within 10 days. Before the expiration of the 10 days appellant alleges that it tendered to the appellee all the rent then due and owing, and offered to pay the expenses and charges for water. The tender was refused.

[1] This action was begun to prevent the enforcement of the notice of forfeiture and expulsion of the appellant from the premises. There is some dispute as to whether the tender made by the appellant was a sufficient tender, but we need not consider that point, because not decided below. The proposition involved in this appeal is as to whether

equity in this jurisdiction can relieve against a forfeiture for nonpayment of rent.

It is argued by the appellant that the general power of the equity court to relieve against forfeiture for nonpayment of rent is in full force in this jurisdiction. The general principles in regard to jurisdiction of equity to relieve against forfeiture for nonpayment of rent are well established. As is said in Kann v. King, 204 U. S. 43, 54, 27 Sup. Ct. 213, 216 (51 L. Ed. 360) :

"That a court of equity, even in the absence of special circumstances of fraud, accident, or mistake, may relieve against a forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee, is elementary. Sheets v. Selden, 7 Wall. 416."

See, also, R. C. L. vol. 16, par. 606, Landlord and Tenant; notes 86 Am. St. Rep. 844; 69 L. R. A. 866.

[2, 3] On the other hand the appellee argues that, where a staute exists such as does in this jurisdiction on the subject of forcible entry and detainer (Code 1915, § 2384), by which a right of action is given "when the tenant fails to pay the rent at the time stipulated for payment," that such statutory enactment prevents equity from taking jurisdiction and relieving against the forfeiture. The appellee's position is stated by the following quotation:

"There is a marked difference between a forfeiture imposed by statute and one arising under the contract of the parties. The Legislature can impose it as a punishment, whilst individuals can only make it a matter of contract. In the one case it cannot be relieved against, in the other it may." Woodson v. Skinner, 22 Mo. 13.

If section 2384 stood alone, appellee's position would be correct, but it must be read in connection with section 2386, which provides:

"Before suit can be brought in any except the first of the above classes, 3 days' notice to quit must he given in writing to the defendant."

Consequently it requires two things to work the statutory forfeiture, viz. nonpayment of rent and a 3 days' notice to quit for such default. Appellant argues that the action of forcible entry and detainer above mentioned is an action for possession of the property in question, and is only intended to prevent a breach of the peace, and not to give possession to the landlord for nonpayment of rent, and, further, that the statute does not work a forfeiture against which courts of equity cannot give relief; in other words, that it is not by its terms a statutory forfeiture. But in this appellant is in error, because the statute expressly by its terms works a forfeiture, and after the forfeiture is complete a court of equity would have no power to grant relief. But, as stated, the forfeiture is not effective nor complete until the expiration of the 3 days' notice required by section 2386. During this time the lessee can pay the rent and avoid the forfeiture. This section, as stated by the Supreme Court of Illinois in the case of Chadwick v. Parker, 44 Ill. 326—

"was obviously designed to dispense with the necessity of making the common-law demand of the rent on the very day it fell due, and to give a remedy where the lease contains no clause for a re-entry."

[4] Under the common law, before the landlord could declare a forfeiture, where the lease provided for the termination of the same upon the nonpayment of the rent, it was always incumbent upon the landlord to make a demand upon tenant for the payment of the rent on the very day when it became due, and at the place of payment provided for in the lease. This 3 days' notice to quit where the rent is not paid was evidently designed to take the place of the common-law demand, and to provide a short time within which the tenant might pay the rent, and thus save the forfeiture. It is inconceivable that the Legislature would provide for a forfeiture

for nonpayment of the rent without even a demand being made upon the tenant for the payment of the same. Many leases run for a long term of years, and frequently valuable improvements are placed upon the leased premises by the tenant, which might all be swept away by an inadvertent failure to pay the rent at the precise time stipulated in the lease, and this without his intention having been called to the forfeiture, or the fact that the landlord intended to insist upon the strict terms of the lease. No case has been cited to us under a similar statute holding that the tenant may not pay the rent before the expiration of the notice, and thus save his default.

In Tiffany on Landlord and Tenant, vol. 2, p. 1769, the author says:

"The statute, in providing for a notice to quit, occasionally provides that the rent may be paid within the period named for the notice, or requires the notice to be in the alternative, for the payment of rent or delivery of possession. But it has been decided that, even when the statute does not in terms provide for the payment of overdue rent within the period during which the notice is to run, the purpose of the provision, for a certain length of notice before the tenant is liable to suit for dispossession, must have been to enable the tenant to pay, and that he has until the expiration of the notice in which to pay or tender the rent, and so prevent his expulsion.

"After the period of the notice has expired, it has been held, the tenant has no longer this right, and a like view has been taken as regards a tender after the commencement of the proceeding."

The case of Chadwick v. Parker, supra, contains an extended discussion of the history of the common law and the statutory changes in regard to the whole subject. See, also, So. Penn. Oil Co. v. Edgell, 48 W. Va. 348, 37 S. E. 596, 86 Am. St. Rep. 43, and note at page 48.

"No court, so far as our researches have extended, has held that, without a demand of rent from the tenant in some form, a forfeiture could be predicated upon a failure to pay the

same. Such a law would be so manifestly unjust, and would lead to such serious consequences, that we cannot give to our statute such a construction, unless required to do so by language clearer and more pointed than that used in the law we are now considering. Large interests and valuable improvements are frequently involved in leases, and to hold that a tenant without notice or demand absolutely forfeits his lease by a failure to pay or tender his rent within three days after the same may become due, though prevented by sickness or accident or the absence of his landlord from making the payment, and without notice that the landlord will insist upon such a forfeiture, might often result in the grossest injustice and wrong. A construction, however, that makes the service of notice to quit a demand, thereby relieving the landlord from the necessity of making the common-law demand, and which gives the tenant the three days in which to pay his rent after such demand, it seems to us, carries into effect the clear intent of the law making power." Dakota Hot Springs Co. v. Young, 9 S. D. 577, at 581, 70 N. W. 842, 843.

[5] Under the authorities above cited, we conclude that the notice to quit is a demand, and that by the terms of the statute payment within three days after notice would defeat the forfeiture for nonpayment of rent. In this case, however, the landlord, instead of giving the 3 days' statutory notice to quit, gave the tenant a 10-day notice. Within that time, as admitted by the pleadings, the tenant tendered the rent in arrears and interest thereon. Where the statute provides for a forfeiture of the lease by giving a 3 days' notice to quit for nonpayment of the rent, and the landlord, instead of giving the statutory 3 days' notice, gives a 10-day notice to quit, the tenant has the 10 days within which to tender the rent due and avoid the forfeiture. Whether the tender in this case was sufficient or not, we do not decide, as that proposition was not passed upon in the lower court.

[6] Since the submission of this cause on the merits appellee has filed a motion to dismiss the appeal upon the ground that appellant, on September 1, 1920, vacated the premises, the lease to which was

N. M. Motor Corp. v. Bliss, 27 N. M. 304.

the subject of this controversy. In said motion it was asserted that the questions involved in this appeal are now moot, and that the courts would have no power to grant relief. This contention is, however, untenable, because, if the appeal be dismissed, the judgment of the trial court would remain in full force and effect under which it was adjudicated that appellant had forfeited all his rights under the lease. If he had no rights under such lease he would be a trespasser, and appellee would be entitled to recover full damages for his occupancy of the premises; whereas, if he had a right to hold under the lease, his liability would be measured by the rental stipulated thereby. Further, the appellant would be liable on the injunction bond which it gave for attorney's fees, and any damage which appellee might have sustained by reason of the injunction. The rule in such cases is well stated by the syllabus in the case of Kaufman v. Mastin, 66 W. Va. 99, 66 S. E. 92, 25 L. R. A. (N. S.) 855, as follows:

"Whenever the judgment, if left unreversed, will preclude the party against whom it stands as to a fact vital to his rights, though the judgment, if affirmed, may not be directly enforceable by reason of lapse of time or change of circumstances pending appeal, a writ of error will not be dismissed as involving only a moot case."

It follows that the motion to dismiss the appeal should be denied, and the judgment of the trial court reversed and the cause remanded, with instructions to proceed in conformity with this opinion, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.