## WEISHEYER v. WEISHEYER

No. 2947

January 5, 1932.                    6 P. (2d) 439.

*N. J. Barry,* for Appellant:

*Sardis Summerfield,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

This was an action for divorce instituted by the husband, Henry W. Weisheyer, as plaintiff, against his wife, Wilhelmina Weisheyer, as defendant. After a trial of the issues judgment went for the plaintiff. The defendant appeals from an order overruling and denying her motion made for new trial of the action.

The order in question is presented for review on briefs. The facts which concern the two assignments of error relied upon for the reversal of the order are as follows:

The parties intermarried at the city of St. Louis, State of Missouri, in the year 1902, which city was their marital domicile during all of the time they lived together as husband and wife. Because of marital differences existing between the parties during and since the year 1920, Henry W. Weisheyer in July, 1926, filed a petition in the circuit court of the city of St. Louis, State of Missouri, against Wilhelmina Weisheyer for divorce on the ground of cruel and barbarous treatment. After a trial of the issues said court on, to wit, December 6, 1926, entered judgment of dismissal of the petition upon the ground that the plaintiff was not an injured and innocent party.

Thereafter, to wit, on January 19, 1927, Wilhelmina Weisheyer, as plaintiff, filed her petition in the circuit court of the city of St. Louis, State of Missouri, against Henry W. Weisheyer, as defendant, to recover separate maintenance under the Missouri statutes, alleging as

ground therefor that the plaintiff had been abandoned by the defendant and since December 1, 1926, he had refused and neglected to maintain and provide for plaintiff.

On the day on which the petition for separate maintenance was filed, to wit, January 19, 1927, Wilhelmina Weisheyer, a stockholder in the Norma Realty Company, a corporation, instituted an action in said circuit court of the city of St. Louis, State of Missouri, against said Norma Realty Company and joined Henry W. Weisheyer with others as parties defendant. The declared and avowed purpose of the suit was to obtain an accounting of the business affairs and property of the defendant corporation and for an injunction and the appointment of a temporary receiver. The defendant corporation was a small family corporation dominated and controlled by Henry W. Weisheyer, who was its president and treasurer. After issues had been joined upon the pleadings, Wilhelmina Weisheyer, with leave of court, on March 18, 1927, filed her amended petition in the cause. No answer was filed to the petition as amended for the reason that the case was settled out of court by the purchase of the plaintiff's shares of stock in the corporation by the defendant, Henry W. Weisheyer, and upon her written statement filed in the cause that she would vacate the property of the corporation then occupied by her with Henry W. Weisheyer as a home in said city of St. Louis. Pursuant to the terms of settlement, the cause was dismissed to the prejudice of the plaintiff on March 24, 1927, and at the costs of the defendants. In her original and amended petition the plaintiff made certain charges against Henry W. Weisheyer, as president and treasurer of the Norma Realty Company, a corporation, which charges furnish the basis for the present action in Nevada for divorce on the ground of extreme cruelty.

Some time in the forepart of the year 1928, Henry W. Weisheyer came to Nevada and on June 26, 1928, took up his residence in the city of Reno, Washoe County. After the expiration of three months' residence in said city and county required by law to obtain a divorce,

Henry W. Weisheyer filed his complaint in the court below for divorce from the defendant, Wilhelmina Weisheyer, on the ground of extreme cruelty and also upon the ground of willful desertion. For a first cause of action for cruelty the complaint alleged that on March 18, 1927, the defendant, Wilhelmina Weisheyer, filed in the circuit court of the city of St. Louis, State of Missouri, an amended verified petition in an action then and there pending in said court entitled, "Wilhelmina Weisheyer, Plaintiff Vs. Norma Realty Company, a corporation, Lillian Weigl, Martha Heintze, August C. Hilmer and Henry W. Weisheyer, defendants," in which she charged Henry W. Weisheyer with the porformance of certain acts in the following language, to wit: "And the defendant Henry W. Weisheyer, in the exercise of his power and control of the defendant Norma Realty Company, as aforesaid, has usurped the office of President and Treasurer of said Corporation, and has dominated and controlled its business and affairs; and has failed and refused to account for his conduct in the management and disposition of the funds, property and business of said Corporation, and has acquired unto himself sums of money and property belonging to said corporation, and applied the use of the same to his own use and benefit in private business endeavors of his own; and in violation of law, has loaned moneys, the property of the defendant Norma Realty Company to the defendant Lillian Weigl, a stockholder in the defendant Realty Company."

The complaint alleges that the accusations quoted were false and unfounded in fact and were intended by the defendant to harass and humiliate the plaintiff and to injure him in his reputation as an honorable business man in said city; and to prevent plaintiff from pursuing any remunerative business occupation in the city of St. Louis, Missouri, where he was well known and where his property was then situated. That said false accusations seriously affected plaintiff's business and greatly embarrassed him in his attempts to continue in business, and caused him to endure serious mental

and physical distress, suffering, and humiliation, and seriously affected plaintiff's health and otherwise materially and greatly impaired plaintiff's capacity to successfully conduct business of any character whatever.

For a second cause of action the complaint alleges that the defendant, without the knowledge or consent of plaintiff, deserted and abandoned plaintiff and removed from the common home of plaintiff and defendant at 4212 St. Louis Avenue, in the city of St. Louis, practically all of the household furniture contained in said home, to some other place in said city unknown to plaintiff, and ever since said time had continued said desertion and abandonment without the consent of plaintiff.

In response to process served upon her at her place of domicile in the city of St. Louis, the defendant came to Nevada and defended the action. Following her denials the defendant, in her answer, pleaded or set up as a bar to both causes of action counted upon in the complaint the judgment of dismissal of the plaintiff's petition for divorce entered in the circuit court of the city of St. Louis on December 6, 1926, and the judgment in favor of the wife for separate maintenance entered in said circuit court on January 25, 1927.

After a trial of the issues made by the pleadings, the court found and adjudged that the judgments entered in the Missouri cases did not relate to or affect any of the subject matter at issue in this action and were not res judicata or a bar to or an estoppel of any issue present in this action. Whereupon judgment was entered against the defendant and in favor of the plaintiff for divorce upon the ground of cruelty and also for desertion.

Upon appeal from the order denying the defendant's motion for new trial, the defendant seeks reversal of the order upon two grounds:

(1) That even though the judgments entered in the Missouri cases were based upon different causes of action from those pleaded in this action, nevertheless the court committed substantial error in its refusal to find from the evidence that the matter counted upon

in the plaintiff's first cause of action could and should have been pleaded as a defense to the wife's action in Missouri to recover separate maintenance from this plaintiff on the ground of his neglect and refusal to provide.

(2) That the judgment in favor of the wife for separate maintenance entered in the circuit court of the city of St. Louis was not conclusive upon the plaintiff in this action of the issue of willful desertion.

It is a general rule that a valid judgment for plaintiff is conclusive not only as to defenses which were set up and adjudicated, but also as to those which might have been raised, and that such defenses cannot be used by the former defendant as the basis of a subsequent action against the former plaintiff. 34 C. J. 856, sec. 1267. The rule, however, as pointed out in section 1267, has its exceptions and limitations. It will be observed from the numerous authorities cited in support of the text that one prominent exception to the rule is that if the matters on which a second action is based, although they might have been used as a defense in the first suit, constitute a substantive and distinct cause of action which the defendant in the former suit was not bound to plead or set up, the former judgment is not a bar. In other words, the rule has no application to those independent matters which the parties may, but are not required to and do not in fact, plead or rely upon. 15 Cal. Jur. 145. If, for the sake of the argument advanced on the part of the defendant wife, it be conceded that the matter counted upon in this complaint for divorce for cruelty might have been used as a defense to the wife's suit to recover separate maintenance, no sufficient reason appears why this plaintiff, as defendant in that suit, was bound to set up as a defense to that action the issue of the falsity of the averments contained in the wife's complaint against the Norma Realty Company, a corporation, and others, for an accounting. It is apparent from the pleadings in evidence that there is no identity in the two cases. They were independent actions, brought for different and unrelated purposes

in no way connected in respect to matters of claim and of defense. Consequently, under the exception to the rule in respect to defenses which might have been pleaded, the former judgment in favor of the wife for separate maintenance in Missouri is not a bar to the present action for divorce in Nevada based upon a substantive and distinct cause of action which this plaintiff was not required to plead or rely upon as a defense to the suit to recover separate maintenance.

Upon further consideration of the point that the matter present in the plaintiff's first cause of action for divorce could have been used by him as a defense to the wife's former suit in Missouri to recover separate maintenance, we conclude that the orderly administration of the law demands of us to hold that the point, as made, is not well taken. The issue of the falsity of the accusations contained in the pleading filed in the Norma Realty Company case could not be used as a defense to the wife's pending suit to recover separate maintenance until the termination of the action against the Norma Realty Company, a corporation, and others, and the issue of the falsity of the averments in respect to this plaintiff, as president and treasurer of said corporation, had been tried and determined therein. 9 Cal. Jur. 659, 702. We know of no rule of pleading whereby this plaintiff could, by merely alleging the falsity of the averments in the pending and undetermined action against the Norma Realty Company and others, transfer to the suit to recover separate maintenance, also pending and undetermined, the trial of the issue of the falsity of accusations contained in the pleading in the former suit as constituting such extreme cruelty on the part of the wife as to deprive her of her marital right of support and maintenance.

We find no error in the trial court's refusal to find and adjudge, as requested by the defendant wife, that the matter complained of in the plaintiff's first cause of action could and should have been pleaded as a defense to her action in Missouri to recover separate maintenance.

This conclusion renders it unnecessary for us to discuss the assignment that the trial court erred in its refusal to hold and to adjudge that the judgment in favor of the wife for separate maintenance entered in the Missouri court was conclusive upon this plaintiff of the issue of willful desertion.

The order entered in the cause overruling and denying the wife's motion for new trial and made the basis of this appeal is affirmed.

It is so ordered.