YOUNG INVESTMENT COMPANY, a Corporation, Appellant, v. RENO CLUB, INCORPORATED, a Corporation, Respondent.

No. 3543

June 27, 1949.                                   208 P.2d 297.

Harlan L. Heward, of Reno, for Appellant, William Harrah.

Sydney W. Robinson and M. A. Diskin, both of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

This action as originally filed in the lower court was one in which respondent, Reno Club, a corporation, was

plaintiff and Young Investment Company, a corporation, was defendant. Plaintiff sought judgment requiring specific performance by defendant of an option to execute a lease and possession of the premises. One phase of this controversy was decided by this court in case of Reno Club, a corporation v. Young Investment Company, 64 Nev. 312, 182 P.2d 1011, 173 A.L.R. 1145.

We held there that the amended complaint stated a cause of action, reversed the lower court in sustaining a demurrer to the amended complaint and directed the judgment of dismissal be set aside and defendant be given time to answer.

The record now before us shows that defendant Young Investment Company filed an answer in which it was admitted that the option agreement as alleged in amended complaint was executed. The answer further pleaded affirmative matters that will hereafter be discussed, including a cross complaint for reformation of the option agreement.

Following filing of the answer, respondent, based upon allegations therein contained, moved the lower court for an order bringing in William Harrah as party defendant. After argument the court, pursuant to sec. 8565, N.C.L.1929, ordered that William Harrah be brought in, and that a copy of the summons in the action be served upon him. Responsive to such order William Harrah filed a demurrer to amended complaint, which was overruled by the court, and thereafter filed an answer.

Upon trial of the issues the lower court entered judgment directing Young Investment Company to execute and deliver to respondent the lease agreement attached to respondent's amended complaint, for a term period from February 15, 1948 to October 26, 1948.

The court by its judgment and decree directed William Harrah to forthwith surrender possession of the premises to respondent and that Harrah's possession thereof was unlawful.

A motion for a new trial made by Harrah was denied.

This appeal presents for review the lower court's action in entering judgment against, and denial of Harrah's motion for a new trial. While the caption of the cause describes Young Investment Company as appellant, this is an error, as the only appellant is William Harrah.

During the oral argument before this court, it was suggested that the questions involved in this appeal have become moot.

Such conclusion is based upon the fact that Harrah surrendered possession of the litigated premises on October 26, 1948, and prior to that date Young Investment Company executed and delivered to respondent a lease covering the premises.

The judgment in this proceeding determined that Harrah was unlawfully in possession of the premises. Harrah contends that under the proof submitted, his possession was legal. If his possession were legal, his liability would be based on rental value; if unlawful his liability in addition to rental value would include such damages as could be shown to have accrued. New Mexico Motor Corp. v. Bliss, 27 N.M. 304, 201 P. 105.

The rule is well established that while a judgment if affirmed may not be enforced by reason of change of circumstances pending appeal, yet, the subject matter is not moot if the judgment, if left unreversed precludes the party against whom it stands as to a fact vital to his rights.

We conclude that the legal status of Harrah's possession remains a question for determination under the judgment.

In reviewing the judgment of the lower court in connection with Harrah's appeal, it must be kept in mind, that defendant Young Investment Company, has not appealed and apparently has complied with the judgment and executed a lease to respondent. We concern ourselves only with the several contentions presented

by Harrah's appeal and so much of the record applicable thereto.

■ Appellant's first assignment of error is directed to the action of the lower court and the order made September 24, 1947, by which Harrah was brought into the proceeding under section 8565, N.C.L. Supporting this assignment it is urged that the presence of William Harrah as a party was not necessary to the complete determination of the controversy between respondent and defendant Young Investment Company. This order of the lower court recites in part, viz: "It appearing to my satisfaction from the verified answer and cross complaint (Young Investment Company) on file herein, that a complete determination of this controversy cannot be had without the presence of William Harrah. It is therefore ordered that William Harrah be brought in as a defendant to this action."

Did the allegations of this answer authorize the court under section 8565, N.C.L. to bring appellant into the proceeding? The answer of defendant Young Investment Company alleged that on May 11, 1942 respondent and defendant reached an agreement under the terms of which respondent surrendered its lease and defendant, with consent of respondent, leased the premises to William Harrah for at least one year, or until the peace treaties with Japan were executed, at a rental of $650 per month, $300 of which was payable to respondent and $350 payable to defendant. That respondent could resume possession after peace treaties were concluded but not before. That in the early part of May 1943, the Harrah lease, with consent of respondent, was extended to May 15, 1945, or until peace treaties were concluded. That Harrah on the date said answer was filed was in possession of the premises under terms of said lease and had complied with all the provisions thereof. That because of these facts defendant should not be compelled to specifically perform the option agreement, or to let respondent into possession of the premises. That when the lease of May 1942, was executed,

respondent represented to Harrah, that he, Harrah could have possession until peace treaties were concluded. That in reliance upon said representation Harrah made valuable improvements upon said premises, had acquired a large amount of good will, is now in possession and engaged in a profitable business therein. It was further alleged that the peace treaties had not been signed and Harrah had the continuing right to remain in possession.

The amended complaint not only requested specific performance of the option to lease, but also demanded possession of the premises. Defendant's answer not only alleged facts existing in favor of Harrah upon which it was urged that to grant specific performance would be inequitable but also showed possession in Harrah of the premises involved. These issues could not be completely determined in the absence of William Harrah.

Section 8565, N.C.L. reads as follows: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and thereupon the party directed by the court shall serve a copy of the summons in the action, and the order aforesaid in like manner of service of the original summons, upon each of the parties ordered to be brought in, who shall have ten days, or such time as the court may order, after service, in which to appear and plead; and in case such party fail to appear and plead within the time aforesaid, the court may cause his default to be entered, and proceed as in other cases of default, or may make such other order as the condition of the action and justice shall require. And when, in an action for the recovery of real or personal property, a person, not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it

may order him to be brought in, by the proper amendment."

In the case of Bliss v. Grayson, 24 Nev. 422, 451, 56 P. 231, 239, the court states "all persons materially interested, either legally or beneficially in the subject-matter of the suit, to be made parties to the suit, when their rights will be affected by the final decree. * * *"

Again this court in the case of Robinson v. Kind, 23 Nev., 330, 47 P. 1, 977, in construing this section of civil practice act stated: "The provision in the above section as to bringing in of other parties is not a matter of discretion but of judicial duty and if the parties to the record neglect to raise the question, the court, upon its own motion will supply the omission."

See also Rutherford v. Union Land & Cattle Co., 47 Nev. 21, 213 P. 1045.

■ The avowed purpose of this section of civil practice act is to have a final and complete determination of a controversy, not to determine issues piecemeal but to avoid a multiplicity of suits. We find no error in the court's ruling ordering William Harrah brought in to the action.

■ Requiring a further construction of this particular statute it is urged that the amended complaint does not state sufficient or any facts constituting a cause of action against William Harrah and the lower court erred in rendering judgment against him.

■ To require the complaint to state a cause of action against the party ordered to be brought in, would restrict and narrow the application of the statute and destroy the legislative intent in enacting the law. A controversy as provided by the statute and as construed by courts may be presented by proof submitted as well as by pleadings of the parties as stated by the supreme court of Idaho in the case of Idaho Trust Co. v. Eastman, 43 Idaho 142, 249 P. 890, 892. "It should be remembered that the trial court had the power to bring

in any necessary parties for a complete determination of the issues before it at any stage of the proceedings, if, by the testimony, such necessity might appear."

It is recognized that some state statutes require that when a party is brought in, an amended complaint must be filed and served upon such party. Our statute contains no such provision. When the order is made "the party directed by the court shall serve a copy of the summons in the action, and the order aforesaid in like manner of service of the original summons, upon each of the parties ordered to be brought in, who shall have ten days, or such time as the court may order, after service, in which to appear and plead." Sec. 8565.

In the reply brief of appellant Harrah, his contention under this assignment is thus stated: "We simply contend that if a defendant is brought under the statute, the complaint should have been amended to show some claim or cause of action against him."

The statute specifically sets forth the procedure to be followed when a person is brought in. By its terms the complaint filed in the action is not directed to be served. The statute does not require that an amended complaint showing some claim or cause of action be served. It requires only that the party be served with a copy of the summons and a copy of the order.

Under appellant's construction of this statute the "controversy" mentioned in the statute must be presented by the allegations of the complaint. If, in enacting this provision of law, it was the legislative intent to require a cause of action to be stated in the complaint against the party to be brought in, some provision would have been included in the enactment providing for service of complaint or amended complaint upon such party. We are not authorized to read into the act by judicial construction terms or provisions concerning which the act is silent. When a copy of summons and copy of order is served upon a party it becomes his duty to

determine from the record in the cause whether his right is to be invaded by the litigation and if so to appear in the action and plead therein.

We conclude that this assignment is without merit.

■ It is urged that the lower court erred in its judgment requiring William Harrah to vacate the premises, in the absence of notice given by the landlord to appellant to vacate.

In reviewing the record in this case it suggests that the question presented is not that notice to vacate was not served upon appellant, but rather was the notice served to vacate later nullified or waived by the statement made by Mr. Quinn, president of Young Investment Company to Mr. Harrah.

In our former opinion in this case Reno Club v. Young Investment Company, supra, in construing the option agreement, we held that under its provisions "there should be restored to plaintiff, at its option, such portion of the term of the last renewal of the original lease as remained at the time plaintiff should elect to exercise the option." [64 Nev. 312, 182 P.2d 1022.]

It appears without contradiction that respondent on March 23, 1946, and again on March 26, 1946, served upon Young Investment Company a written notice accepting said option and demanding a lease. At this time Mr. Harrah was in possession of the premises involved on a month to month tenancy by lease signed by Young Investment Company.

On May 14, 1946, a written notice addressed to William Harrah was prepared. This notice informed Mr. Harrah that his tenancy of the described premises was terminated as of June 14, 1946. This was signed by Young Investment Company by Frank P. Quinn and W. M. Kearney, secretary of the corporation with the seal of the corporation affixed. The record shows this notice was served by sheriff of Washoe County on Mr. Harrah.

Mr. Harrah testified that after receiving the notice he talked with Mr. Quinn, who informed him "not to pay

any attention to it." Mr. Quinn corroborated this testimony. Considering these events in their natural sequence we find first, the acceptance of the option on March 23 and 26, 1946 by Reno Club. Second, the official corporate act of the Young Investment Company by and through their president and secretary preparing, executing and having served upon Mr. Harrah notice of termination of tenancy.

It is to be kept in mind that at this time the Young Investment Company gave the notice to Mr. Harrah so that respondent might take possession of the premises having exercised its right under the option.

We have reviewed the arguments and authorities cited by respective parties under this assignment and have concluded that the point cannot be sustained.

In the first place the notice of the termination of Harrah's tenancy was a corporate act of Young Investment Company. There is no testimony in the record tending to show that Mr. Quinn's statements to Mr. Harrah to ignore the contents of this notice, was authorized by the corporation, or his action was other than an individual act.

Secondly, at the time this notice was served respondent had exercised its option and Mr. Quinn was without authority to extend the tenancy of Mr. Harrah by waiving notice of termination.

There remains for consideration the last assignment urged by appellant.

■ The Young Investment Company by cross complaint alleged grounds for reformation of the option agreement, asserting that by mutual mistake of the parties, the document did not express the actual understanding. Appellant urges that the lower court erred in refusing to permit oral proof as to the true agreement between Reno Club and Young Investment Company. Also in refusing proof to show mutual mistake, and finally in excluding proof in support of the allegations of the cross complaint seeking reformation.

■

The cross complaint seeking reformation was contained only in the answer of Young Investment Company. No such relief was demanded by the answers of appellant. If any error was committed by the lower court in its rulings on this matter, such errors could be urged by Young Investment Company, and this company has not appealed and is not a party appellant herein.

While we are content to answer this assignment with the statement that appellant presented no issue by its pleading seeking a reformation of the option agreement and therefore could not be prejudiced by the courts ruling, we have also carefully considered these rulings and offer of proof.

We are satisfied that full opportunity was afforded Young Investment Company to present such proof on question of mutual mistake as they were advised, but the court properly did not permit the reception of testimony not establishing mutual mistake, but tending to vary the terms of written leases.

We find no error in the record. The judgment of the lower court is affirmed with cost.

HORSEY, C. J., and BADT, J., concur.

## ON PETITION FOR REHEARING

July 18, 1949.

*Per Curiam:*

Rehearing denied.