RENO CLUB, INCORPORATED, A Corporation, Appellant, *v.* WILLIAM F. HARRAH, RALPH D. AUSTIN AND VIRGIL T. SMITH, Respondents.

No. 3730

August 17, 1953.     260 P.2d 304.

*Sidney W. Robinson* and *M. A. Diskin,* of Reno, for Appellant.

*Summerfield and Heward,* of Reno, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is an action brought by the Reno Club as plaintiff to recover damages for wrongful detention by Harrah of real estate and personal property. Judgment in favor of Reno Club was rendered by the trial court upon one portion of its claim. Upon the remaining portion judgment was rendered in favor of Harrah. From the latter adverse portion of the judgment Reno Club has taken this appeal.

The principal defense of Harrah upon which the trial court relied in denying relief to Reno Club was res judicata: that recovery by Reno Club in an earlier suit barred recovery in the present action; that the assertion of its cause of action here constituted an attempt to split an indivisible cause of action. An examination of the earlier litigation therefore becomes necessary.

In 1942 Reno Club held a lease extending until 1948 upon certain business premises in Reno from the owner of those premises, Young Investment Company. For certain reasons it became apparent that during the then

state of war Reno Club would be unable to continue in its business. An agreement was reached whereby it surrendered its lease and possession of the premises subject to an option to have the lease reinstated at any time after one year from the date of the option. The premises were then leased by Young to Harrah for a term of one year, occupancy thereafter to be from month to month.

In March, 1946, Reno Club notified Young of its exercise of the option and demanded a lease to the premises for the balance of the original lease period. Young served notice on Harrah to vacate the premises on June 15, 1946, which Harrah failed and refused to do. Young, accordingly, failed to comply with Reno Club's demand. In August, 1946, Reno Club brought suit against Young for specific performance of the option.

In answer to the complaint of Reno Club, Young asserted two defenses: (1) that the option was prematurely exercised and that Reno Club accordingly had no right at that time to reinstatement of the lease; (2) that Harrah was rightfully in possession and with consent of Reno Club; that in effect, therefore, Reno Club was already in possession through its "nominee," Harrah; that a granting of specific performance "would be inequitable, unfair and unjust to an innocent third person," namely Harrah.

Reno Club then moved the court to have Harrah made a party defendant and an order was made that Harrah be brought in as defendant for the reason that "a complete determination of this controversy cannot be had without [his] presence." Harrah then appeared, asserting by his answer the same defenses to Reno Club's complaint as had been asserted by Young.

Reno Club replied to Harrah's answer, praying in part for judgment "that plaintiff be let into immediate possession of the premises described in plaintiff's amended complaint. That it be adjudged and decreed

that William Harrah has no right, title or interest in or to the possession of said premises or any part thereof. That William Harrah be by judgment of this court commanded to immediately surrender possession of said premises to plaintiff." There was no prayer for damages, nor was any evidence of damage presented during the trial. Damage simply was not an issue in the suit.

After two appeals to this court (Reno Club v. Young Investment Co., 64 Nev. 312, 182 P.2d 1011, 173 A.L.R. 1145; Young Investment Co. v. Reno Club, 66 Nev. 216, 208 P.2d 297) Reno Club prevailed in its suit. Judgment was rendered against Young that it execute and deliver the lease demanded by Reno Club. Judgment was rendered against Harrah to the effect that he had no right, title or interest in or to the premises; that Reno Club recover possession from him and that he forthwith surrender possession to Reno Club. This decree Harrah has performed. Reno Club's claim against him in that suit, accordingly, has been satisfied. Judgment was rendered March 3, 1948. Harrah did not surrender possession until October 26, 1948. During the interim the second appeal was taken to this court and Harrah remained in possession under supersedeas bond.

In the instant case the trial court has granted to Reno Club damages for wrongful detention for the period from March 3, 1948, to October 26, 1948, and has denied relief for the period from June 15, 1946, to March 3, 1948. The question before us is whether the earlier suit, having proceeded to judgment and satisfaction, constitutes a bar to the present action under the principles of res judicata and the rule against splitting of causes of action. Under our statutes, claims for the recovery of specific real or personal property and for damages for the withholding thereof may be joined. Sec. 8595, N.C.L.1929, Supp. 1931–1941 (since superseded by Nevada Rules of Civil Procedure).

At the outset it must be recognized that the extent of

the bar by earlier adjudication differs under two types of cases. In the first type of case the earlier judgment is offered as determining one particular point involved in the second litigation by what is termed collateral estoppel. See: Restatement of the Law, Judgments, sec. 68. In this type of case it is immaterial that the causes of action in the two suits are different. McLeod v. Lee, 17 Nev. 103, 28 P. 124; Vickers v. Vickers, 45 Nev. 274, 284, 199 P. 76, 202 P. 31. It is essential, however, that the particular point involved actually constitute an issue in both suits. Sherman v. Dilley, 3 Nev. 21. In the second type of case the earlier judgment is offered as a bar to the entire action upon the ground that a determination of the identical controversy previously had been had between the parties. In this type of case it is essential that the causes of action be identical. The prior judgment, however, "operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might, with propriety, have been litigated." Wolford v. Wolford, 65 Nev. 710, 714, 200 P.2d 988, 990; Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; comment note, 88 A.L.R. 574. This principle of res judicata has also found expression in the rule against splitting of causes of action, to the effect that "a single cause of action or entire claim or demand cannot be split up or divided and separate suits maintained for the various parts thereof, * * *." 1 C.J.S. 1306 (sec. 102 Actions). See: Restatement of the Law, Judgments, sec. 62.

It is clear that the question of damages now before us was not litigated in the earlier suit between the parties and did not constitute an issue in that suit. The question therefore resolves itself to this: Is the cause of action (as that term is used in connection with the plea of res judicata) upon which the present action is based the identical cause of action which formed the basis of the former suit?

In Bond v. Thruston, 60 Nev. 19, 24, 98 P.2d 343, 345, 100 P.2d 74, this court, in dealing with the elements constituting a cause of action, quoted Pomeroy's Code Remedies as follows: "The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong. * * * If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action, no matter how many forms and kinds of relief he may claim that he is entitled to, and may ask to recover; the relief is no part of the cause of action."

In Silverman v. Silverman, 52 Nev. 152, 169, 283 P. 593, 598, this court stated, "The true test of the identity of 'causes of action,' as that term is used in connection with the plea of former adjudication, is the identity of the facts essential to their maintenance. The identity of the causes of action may appear from evidence in the two cases as well as from the pleadings. The authorities agree that when the same evidence supports both the present and the former cause of action, the two causes of action are identical." Followed in Miller v. Miller, 54 Nev. 44, 52, 3 P.2d 1069, 6 P.2d 1117, 11 P.2d 1088; See: Restatement of the Law, Judgments, sec. 61; Cf. Cleary, Res Judicata Reexamined, 57 Yale L.J. 339; Developments In The Law—Res Judicata; 65 Harvard L.R. 818; Res Judicata In California, 40 Calif. L.R. 412.

In applying these definitions to the case at bar we feel it necessary to discuss separately the questions of damage for wrongful detention of the realty and for use of the personalty. We shall deal first with the realty.

Wrongful failure to surrender title to or possession of realty is held to give rise to a single cause of action

regardless of the fact that performance, delivery of possession or damages may be included among the remedies available. Miller v. Dyer, 20 Cal.2d 526, 127 P.2d 901, 141 A.L.R. 1428. Accordingly a suit to recover possession or title is held to bar a subsequent action for damages either for wrongful detention or in connection with failure to perform where such damages were not sought in the former suit. Alexander v. Letson, 242 Ala. 488, 7 So.2d 33; Abbott v. 76 Land and Water Co., 161 Cal. 42, 59, 118 P. 425; McCaffrey v. Wiley, 103 Cal.App.2d 621, 230 P.2d 152; Walzl v. King, 113 Md. 550, 77 A. 1117; Canning v. Shipee, 246 Mass. 338, 141 N.E. 79; Thompson v. Myrick, 24 Minn. 4; Head v. Meloney, 111 Pa. St. 99, 2 A. 195.

It is insisted by Reno Club that the "primary right" involved in the former suit was its right to specific performance by Young; that this was the extent of the relief sought by its complaint; that the controversy was limited to its right in this regard; that Harrah was brought in purely for the purpose of enabling the court to determine that issue; that damages against Harrah were in no respect germane to that issue.

This view of the former controversy is, we feel, entirely too narrow. It is tantamount to a contention that no cause of action against Harrah was involved in that controversy and that the controversy was limited by the allegations of the complaint against Young; which contention was disposed of by this court in the former suit. Young Investment Co. v. Reno Club, supra. When Harrah was made party defendant to that suit the scope of the controversy was extended to include a determination of his own rights. By this action it was recognized that the extended scope of the controversy was its true and proper scope; that action taken upon anything less could not constitute a complete or proper disposition. Harrah's rights, then, were in jeopardy of court determination to the same extent as were

Young's; to the same extent as though he originally had been named defendant. Indeed, under strict common law practice, Reno Club would have been compelled to abandon suit and commence anew, naming Harrah as party defendant. See: 39 Am.Jur. 954 (Parties, sec. 84.) It is the cause of action against Harrah and not the cause of action against Young with which we are here concerned.

In that regard the primary right of Reno Club was its right to possession of the premises; the primary duty of Harrah was his duty to surrender possession and his delict or act of wrong was his refusal to do so. The facts from which these matters arose constituted the cause of action in the former suit. It is clear that the same right, duty and delict, supported by the same facts give rise to Reno Club's present claim for damages. It is not, then, a new cause of action which is presented in the present action, but a new remedy which is sought.

Reno Club points out that by the decision of this court in Young Investment Co. v. Reno Club, supra, it was held not necessary under our statutes that the complaint against Young be amended to state a cause of action against Harrah. Reno Club's difficulty, however, is not through failure to state a cause of action in the former suit, but through failure in that suit to seek its full remedy. If this could be done only through an amended complaint, then amendment would have been the proper course. It does not follow since amendment of the complaint is not required by statute, that such amendment could not be had.

We conclude that Reno Club's action for damages for wrongful detention of the realty is barred by the former adjudication. In this respect the judgment of the trial court is affirmed.

With reference to the personal property the record shows that upon its surrendering possession to Young in 1942, Reno Club owned certain fixtures and furnish-

ings located upon the premises. By agreement these remained and were used by Harrah upon his taking possession, Reno Club receiving from Harrah the sum of $300 a month for their use from 1942 throughout 1946. From the first of 1947 to October 26, 1948, Harrah continued to use the personal property without payment of rental therefor. Rental was allowed by the trial court from March 3, 1948, to October 26, 1948. Rental or damages for the prior period was denied upon the ground that recovery was barred by the former adjudication. In this respect we feel that the court was in error.

Reno Club's cause of action in the former suit related to its right to possession of a specific piece of real property. Its right to rental for the personal property is based upon its ownership thereof and the use thereof by Harrah. In no respect was its right in this respect dependent upon its right to possession of the realty. Harrah might rightfully have been in possession of the realty without in the slightest affecting Reno Club's right to rental for the use of the personalty. That the causes of action might have been joined in a single suit does not bring the case within the bar of res judicata. The causes of action are different and since the point was not actually litigated or placed in issue in the earlier suit, that adjudication is no bar. Gulling v. Washoe County Bank, 29 Nev. 257, 89 P. 25; McIntosh v. Knox, 40 Nev. 403, 165 P. 337; Weisheyer v. Weisheyer, 54 Nev. 76, 6 P.2d 439; Wolford v. Wolford, 65 Nev. 710, 200 P.2d 988.

The trial court has found that reasonable rental for the use of the personalty from March 3, 1948, to October 26, 1948 was $50 a month. Additional considerations, however, may well enter into a determination of damages for the earlier period and we cannot say as matter of law that that rental should there apply. Our only course is to remand for a limited new trial.

The judgment of the trial court upon this cause of

action is hereby reversed and the matter is ordered remanded for a new trial limited to a determination of damages for the use of the personal property from January 1, 1947, to March 3, 1948. No costs are awarded.

EATHER, C. J., and BADT, J., concur.