LEVON G. KASSABIAN, Appellant, v. GLEN JONES and BUR-WY, Inc., a Corporation, Respondents.

No. 3982

November 7, 1957                    317 P.2d 572

*George Rudiak* and *Betty Aronow,* of Las Vegas, for Appellant.

*George E. Marshall,* for Respondent Glen Jones; *Hawkins & Cannon,* for Respondent Bur-Wy, Inc., all of Las Vegas.

# OPINION

By the Court, BADT, C. J.:

In an earlier suit Kassabian's predecessor sought termination of a lease and option to Jones on the ground that the latter had assigned the same to Bur-Wy, contrary to the provisions of the lease. Those provisions had granted to Jones, as lessee, "the exclusive right, privilege and option" etc. which plaintiff construed to mean that the lease and option were personal to Jones and equivalent to a covenant against assignment. A motion to dismiss was granted. Thereafter Kassabian filed the present action in which he sought reformation of the instrument to include a covenant against assignment, and relief for breach of the contract as thus reformed. This was based first, on fraud and, in a separate cause of action, on mutual mistake. A plea of res judicata was sustained, the second action dismissed, and this appeal followed. We have concluded that the dismissal of the first action was not a bar to the present one and that a reversal is required. In Reno Club v. Harrah, 70 Nev. 125, 260 P.2d 304, 306, we discussed the two types of cases in which the bar of an earlier adjudication was asserted. In that type of case in which the earlier judgment is offered as a bar to the entire action upon the ground that a determination of the identical controversy previously had been had between the parties, as is the case here, we noted that "it is essential that the causes of action be identical". We there cited Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed 195, which see for a fuller exposition of the rule. To like effect are Gould v. Evansville and C. R. R. Co., 91 U.S. 526, 23 L.Ed. 416; Wiggins Ferry Co. v. Ohio & Mississippi R. Co., 142 U.S. 396, 12 S.Ct. 188, 35 L.Ed. 1055; Miller v. Margerie (C.C.A. 9th), 170 F. 710; Gilmer v. Morris, C.C., 46 F. 333; Keidatz v. Albany, 39 Cal.2d 826, 249 P.2d 264.

That the present action for reformation of the contract on the grounds of fraud and mutual mistake and for the enforcement of the contract as reformed is based

upon a different claim than the first action is clear by reason of the holding in Reno Club v. Harrah, supra [70 Nev. 125, 260 P.2d 306]. We there said: "In Silverman v. Silverman, 52 Nev. 152, 169, 283 P. 593, 598, this court stated, 'The true test of the identity of "causes of action," as that term is used in connection with the plea of former adjudication, is the identity of the facts essential to their maintenance. The identity of the causes of action may appear from evidence in the two cases as well as from the pleadings. The authorities agree that when the same evidence supports both the present and the former cause of action, the two causes of action are identical.' Followed in Miller v. Miller, 54 Nev. 44, 52, 3 P.2d 1069, 6 P.2d 1117, 11 P.2d 1088 * * *." Applying this test, the essential facts in the prior action were the proof of the lease with its so-called covenant against assignment and the conduct of the lessee alleged to constitute a breach thereof. The essential facts in the present action included, in addition to those elements, the proof of the true agreement between the parties which added to the written agreement the covenant which is the essence of the present suit and the facts of the fraud or mutual mistake in the execution of the written lease. The matter actually litigated and determined by the dismissal of the first action was simply the determination that the clause in question did not have the legal effect of prohibiting the assignment of the lease and option. The right to reformation on the ground of fraud or mutual mistake was clearly not litigated.

Respondents rely on Northern Pacific Railway Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 446, 51 L.Ed. 738, which, they contend, is determinative of all of the issues of the present appeal. The court there concluded that since in the second action the plaintiff in error was asserting title to the same property involved in the first suit, "the source of title, only, being different", it could not escape the defense of the bar. To the extent that this case stands for the proposition that where a judgment is entered upon a motion to dismiss it is res judicata as to a subsequent action

between the same parties for the same cause, we are in agreement with respondents. So here, the judgment of dismissal in the first action was' res judicata as to the proposition of law that the complaint in that case, based on the contract as written, did not state a claim upon which relief could be granted. This indeed is the holding in Keidatz v. Albany, supra. The court in the Northern Pacific Railway case noted, however, that the question as to the first judgment pleaded in bar "will be necessarily its legal identity with [the second] action". Citing many authorities, the court used the identical language employed by Mr. Justice Field in the Cromwell case differentiating the effect of a judgment as a bar against the prosecution of à second action for the same claim or demand, from its effect as an estoppel in another action between the same parties upon another claim or demand. The latter situation is the case here.

Appellant assigns error in two other respects, namely, in the court's denial of plaintiff's motion for leave to amend his complaint and in denying his motion to compel the adverse party to answer sundry questions propounded during the taking of his deposition. It is apparent from the record, however, that these orders were made after the granting of the motion to dismiss. In granting that motion the court observed that it determined all issues in the case and, accordingly, ordered that all other motions be denied. It is, therefore, apparent that the court, under the circumstances, gave no consideration to either motion. It is not the function of this court to pass on such motions in the first instance.

Other authorities cited by respondents and additional arguments in support of the judgment have received the consideration of the court, but do not require further discussion.

Reversed with costs and remanded for further proceedings.

EATHER and MERRILL, JJ., concur.